1

2

3

4

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  STANLEY SWENSON,                          No. CIV S-08-1675-FCD-CMK

12              Plaintiff,

13        vs.                                  <u>FINDINGS AND RECOMMENDATIONS</u>

14  SISKIYOU COUNTY, et al.,

15              Defendants.

16  _____/

17              Plaintiff, who is proceeding pro se, brings this civil rights action.  A hearing on

18  defendants' motion to dismiss (Doc. 4) and request for judicial notice (Doc. 6) was held on

19  October 1, 2008, at 10:00 a.m. before the undersigned in Redding, California.  At the hearing, the

20  court discussed with the parties defendants' argument, as raised at Point 19 in their motion to

21  dismiss, that plaintiff's claims are not cognizable because plaintiff had access to adequate state

22  court remedies.  The parties were permitted an opportunity to file supplemental briefing on this

23  point.  Plaintiff submitted a supplemental brief (Doc. 23) on October 31, 2008, and defendants

24  submitted a response (Doc. 24) on November 12, 2008.

25  / / /

26  / / /

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names as defendants Siskiyou County, members of the Siskiyou County Planning Commission, and others.  He states in that he owns an interest in real property situated in Siskiyou County.  The property is located "directly behind a gravel pit owned and operated by the Defendant."  According to plaintiff, on August 3, 1966, the Siskiyou County Planning Commission issued a use permit "allowing for the installation and operation of an asphalt hot plant to manufacture aggregate and asphalt paving products."  He states that his predecessor-in-interest began making use of the property consistent with the use permit and that the use permit became a "vested property right which runs with the land."  He adds that the 1966 use permit does not contain any termination provision.

Plaintiff claims that, on December 10, 2002, "[c]ounsel for the Plaintiff gave written notice . . . to Rick Barnum as Director of the Siskiyou County Planning Department that the property owners were going to move forward with a business plan consistent with the Use Permit."  On February 13, 2003, the Planning Commission responded with a letter asserting that the use permit was no longer valid.  According to plaintiff, the "Planning Director's decision was made without any hearing, without legislative authority, and without any legislative body action all in violation of Plaintiff's due process rights relating to termination of a vested property right."  Following the decision, Siskiyou County filed an appeal which was heard on May 4, 2005.[1]  The Planning Commission rejected the appeal and affirmed its determination that the 1966 use permit was no longer valid.  Plaintiff alleges that the appeal was heard over his objection because the Planning Commission "lacked any authority to conduct the [May 4, 2005] hearing."  On May 24, 2005, plaintiff appealed to the Siskiyou County Board of Supervisors, which also affirmed the Planning Commission's determination regarding the use permit.

/ / /

---

[1]    Plaintiff does not state what happened between February 2003 and May 2005.

2

1    Plaintiff alleges in Count 1 civil rights claim based on the determination that the

2    1966 use permit was not valid:

3    In declaring the Use Permit to be invalid based on Siskiyou County
     Code § 10-6.2501, Siskiyou County by and through the Planning Director,
4    the Planning Commission, and the Board of Supervisors abused their
     discretion and failed to proceed in the manner required by law in that the
5    termination of the Use Permit deprived Plaintiff of a vested property right.

6    He adds:

7    Termination of the Use Permit constitutes a taking of property
     without just compensation in violation of Article I, Section 19 of the
8    California Constitution and the Fifth and Fourteenth Amendments of the
     United States Constitution.  The termination violated Plaintiff's procedural
9    and substantive due process rights . . . .

10   Plaintiff contends that, as the result of the determination that the use permit was no longer valid,

11   he has been "denied the use of the Property consistent with the Use Permit from September of

12   2000 through the entry of a final order July 13, 2007. . . ."

13   In their request for judicial notice, defendants ask the court to judicially notice

14   various state court orders and Siskiyou County ordinances.[2]  Attached to their request is a July

15   20, 2007, final judgment in Siskiyou County Superior Court case no. SCCVSV-05-222 in which

16   the state court granted plaintiff's petition for a writ of mandate challenging the determination that

17   the 1966 use permit was invalid.  In the 2007 judgment, the state court ordered:

18   That a Writ of Mandate issue commanding Defendant . . . County
     of Siskiyou to refrain from denying Plaintiff's . . . right to exercise all
19   rights granted to his predecessor in interest . . . under that certain Use
     Permit issued August 3, 1966 . . . .

20

21   ///

22   ///

23

24   [2]    The court may take judicial notice pursuant to Federal Rule of Evidence 201 of
     matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).
25   Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp.
     of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S.,
26   378 F.2d 906, 909 (9th Cir. 1967).  Therefore, defendants' request for judicial notice (Doc. 6)
     should be granted.

1          In Count 2, plaintiff references an action he brought asking the Superior Court to

2   declare the 1966 use permit valid with respect to his property.[3]  According to plaintiff, defendants

3   interposed demurrers based on failure to exhaust administrative remedies because they ". . . did

4   not want the case heard . . . because [they] knew that a hearing concerning a Vested Use Permit

5   would necessarily result in the protection of Plaintiff's property rights."[4]  Plaintiff states that he

6   was told by the Siskiyou County Counsel – defendant Frank DeMarco – that ". . . the county

7   would rather fight Plaintiff in court in hopes of winning instead of taking on the masses of Mt.

8   Shasta when they filed in court if Plaintiff was allowed to go forward."  Plaintiff adds:

9                  . . .At that point Plaintiff asked Mr. DeMarco if that meant that the
                  county would rather squash Plaintiff's property rights in court in hopes of
10                the court making a mistake in its final decision and finding against
                  Plaintiff.  Mr. DeMarco said "I guess you could state it that way."
11

12  According to plaintiff, defendants conspired to thwart his state court case even though they knew

13  the use permit was valid.

14         Plaintiff  also asserts in Count 2 that his case "arises not only of the deprivation of

15  constitutional rights alleged in count 1, but also out of a civil action against plaintiff filed in 2001

16  by the Siskiyou County District Attorney's Office for damages resulting from plaintiff's sale of

17  dirt dug from the property.   He asserts that, through this lawsuit, the "principal parties attempted

18  to deprive Plaintiff of the vested right stated in Count 1 as a method of getting revenge for his

19  ─────────────────────

20         [3]     This is apparently a reference to his petition for a writ of mandate in Siskiyou
    County Superior Court case no. SCCVSV-05-222
21
           [4]     According to documents attached to defendants' request for judicial notice, the
22  state court ruled on three separate demurrers.  On May 25, 2005, the court sustained a demurrer
    to plaintiff's original complaint on the grounds that plaintiff did not exhaust administrative
23  remedies or join indispensable parties.  Plaintiff then filed a first amended complaint.  On
    September 21, 2005, the court sustained a second demurrer on the grounds of uncertainty with
24  respect to the first and second causes of action.  Plaintiff then filed a second amended complaint.
    On December 12, 2005, the court overruled a third demurrer, but granted a motion to strike the
25  second cause of action without leave to amend.  Defendants were directed to file an answer to the
    second amended complaint.  As indicated above, judgment was entered in plaintiff's favor on
26  July 20, 2007.

4

1  successful defense of the frivolous case."[5]  He adds that the 2001 civil action ". . . was filed

2  instead of a citation for an infraction in an attempt to get a larger sum of money from Plaintiff."

3  Plaintiff does not allege that the action was improperly filed.[6]

4          Finally, plaintiff states allegations concerning his application in 2000 for a use

5  permit and reclamation plan.  Plaintiff states that objections were raised because of safety

6  concerns relating to a nearby railway underpass.  He states that he and county officials agreed to

7  share the cost of a traffic study.  According to plaintiff, the traffic study concluded that the

8  underpass was indeed too narrow and needed to be widened before plaintiff's project could go

9  forward.[7]  Plaintiff claims that the ". . . engineer made findings, not on the basis of his

10 independent judgment, but on the basis of the undue and unlawful influence of the County and

11 the individuals named in this count of the complaint."  He does not, however, provide any

12 additional specificity supporting this assertion.

13

14                                    **II.  DISCUSSION**

15          It is clear from the complaint that plaintiff's Count 1 asserts violations of his due

16 process rights arising from the Planning Commission's 2003 decision that the 1966 use permit

17 was no longer valid and defendants' alleged conduct relating to plaintiff's court action that

18 followed.  While Count 2 is less clear, it seems that plaintiff asserts unspecified civil rights

19 violations arising from:  (1) various defendants' conduct during the course of litigating plaintiff's

20 civil case; (2) the initiation of the 2001 civil case against plaintiff; and (3) denial of the 2000 use

21 permit application.  Defendants argue, among other things, that these claims are not cognizable.

22

23          [5]     The court notes that it is not possible that the civil lawsuit was brought against
      plaintiff in order to retaliate against plaintiff for successfully defending against that lawsuit.  For
      this to be true, the plaintiffs to the civil lawsuit would have been required to know the outcome
24    of the case prior to bringing it.

25          [6]     It was eventually dismissed sometime in 2002.

26          [7]     Plaintiff does not state when the engineering study was concluded.

1        Turning first to plaintiff's claim asserted in Count 1 relating to the Planning

2   Commission's determination that the 1966 use permit was no longer valid, the court agrees with

3   defendant that plaintiff cannot state a cognizable due process claim because adequate state law

4   remedies were available to him.  A due process claim is not cognizable under 42 U.S.C. § 1983 if

5   the state provides an adequate post-deprivation remedy.  See Zinermon v. Burch, 494 U.S. 113,

6   129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984).  A state's post-deprivation remedy

7   may be adequate even though it does not provide relief identical to that available under § 1983.

8   See Hudson, 468 U.S. at 531 n.11.  An available state common law tort claim procedure to

9   recover the value of property is an adequate remedy.  See Zinermon, 494 U.S. at 128-29.  In this

10  case, plaintiff prevailed in a civil action in state court in which the court prohibited the denial of

11  Plaintiff's rights under the 1966 use permit.  There is nothing in the complaint to indicate that

12  plaintiff was denied all the process he was due or that the result was unfair to him.  On the

13  contrary, plaintiff pursued litigation and was granted the relief he requested.

14       Turning to the claims asserted in Count 2, the court cannot discern any

15  constitutional violation.  As to plaintiff's allegations relating to the conduct of various defendants

16  during the course of litigating his civil action challenging the Planning Commissions 2003

17  decision, none of the alleged conduct violated plaintiff's constitutional rights.  There is no

18  indication that plaintiff was denied due process during the course of that litigation and

19  interposing demurrers and other objections to plaintiff's lawsuit did not violate any right.  And

20  the fact remains that plaintiff ultimately prevailed.  Similarly, as to plaintiff's allegations

21  concerning the lawsuit initiated against him in 2001, plaintiff states that the case was ultimately

22  dismissed.  He never alleges that he was denied an opportunity to be heard or any other process

23  to which he was entitled.  Finally, as to plaintiff's allegations relating to his 2000 application for

24  a use permit, plaintiff offers no factual support for his claim that defendants exerted any

25  improper influence on the results of the engineering report.  To the extent plaintiff could allege

26  facts to suggest improper influence, adequate state remedies exist to challenge the denial of a use

1   permit.

2        Finally, as to plaintiff's argument that his allegations give rise to a claim based on

3   a violation of the Takings Clause, the loss of use of enjoyment of property which amounts to a

4   taking of property which can only be done in accordance with due process.  See Draper v.

5   Coombs, 792 F.2d 915, 922 (9th Cir. 1986).  Thus, any claim based on the temporary loss of use

6   of his property as a result of the Planning Commission's determination that the 1966 use permit

7   was no longer valid is really a species of plaintiff's due process claims.  Plaintiff acknowledges

8   as much in his complaint when he states:  "The termination violated Plaintiff's procedural and

9   substantive due process rights in violation of . . . the Fifth and Fourteenth Amendment[s] of the

10   United States Constitution."

11        Moreover, a temporary restriction on the use of real property does not constitute a

12   "taking" where the plaintiff is not deprived of all of the value or use of the property.  See Tahoe-

13   Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 216 F.3d 764, 782 (9th

14   Cir. 2000).  The Ninth Circuit concluded that a contrary rule would ". . . turn the Takings Clause

15   into a weapon to be used indiscriminately to penalize local communities for attempting to protect

16   the public interest."  Id.  In this case, plaintiff alleges that he was denied the temporary use of his

17   property pursuant to the 1966 use permit between the time the Planning Commission initially

18   determined the use permit was no longer valid and the time the state court ultimately granted

19   plaintiff's petition for a writ of mandate reversing this determination.  However, plaintiff does

20   not claim that he was denied all use of his property, only that he was denied uses under the 1966

21   use permit.  Because plaintiff was not denied all use of his property, the Takings Clause is not

22   implicated by defendants' alleged conduct.

23   / / /

24   / / /

25   / / /

26   / / /

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.      Defendants' request for judicial notice (Doc. 6) be granted;

2.      Defendants' motion to dismiss (Doc. 4) be granted; and

3.      This action be dismissed, with prejudice; and

4.      The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 20, 2008

                                        _____
                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE