UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

STANLEY SWENSON

        Plaintiff,

    v.

SISKIYOU COUNTY, et al.,

        Defendants.

NO. CIV. S-08-1675 FCD CMK

<u>ORDER</u>

----oo0oo----

Plaintiff Stanley Swenson ("plaintiff") proceeding pro se, filed a civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 72-302(c)(21). On December 10, 2008, plaintiff filed objections to the magistrate judge's findings and recommendations ("F&R"), filed November 21, 2008, granting defendants' motion to dismiss with prejudice.

1

Upon review of the file, the court does not adopt the magistrate judge's findings and recommendations with respect to plaintiffs' § 1983 claims based upon alleged violations of his substantive due process rights and the Takings Clause. The court adopts the magistrate judge's findings and recommendations in all other respects.

When timely objections to findings by a magistrate judge are filed, the district court must conduct a de novo determination of the findings and recommendations as to issues of law. 28 U.S.C. § 636(b)(1). The district court may adopt, reject, or modify in part or in full the findings and recommendations. 28 U.S.C. § 636(b)(1)(C).

On a motion to dismiss, the allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.

Ultimately, the court may not dismiss a complaint in which the plaintiff alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1973 (2007). Only where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent

with the allegations." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) (quoting <u>Hudson v. King & Spalding</u>, 467 U.S. 69, 73 (1984)). Moreover, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).

The Taking Clause of the Fifth Amendment prohibits the government from taking "private property . . . for public use, without just compensation." U.S. Const. amend. V. "Whether a particular restriction amounts to a taking depends largely upon the particular circumstances of each case – that is, on essentially ad hoc, factual inquiries." <u>Tahoe-Sierra Preservation Council, Inc. v Tahoe Regional Planning Agency</u>, 216 F.3d 764, 782 (9th Cir. 2000) (quoting <u>Penn Central Transp. Co. v. City of N.Y.</u>, 438 U.S. 104, 124 (1978)). Courts have looked at three primary factors in conducting the balance of public and private factors at stake: "(1) the economic impact of the regulation on the claimant; (2) the extent to which the regulation has interfered with distinct investment-backed expectations; and (3) the character of the government action." <u>Id.</u> Moreover, if the property owner seeks to press a claim based upon a denial of just compensation and a state provides an adequate procedure for seeking just compensation, "the property owner cannot claim a violation of the Just Compensation Clause until [he] has used the procedure and been denied just compensation." <u>Williamson County Reg'l Planning Comm'n v. Hamilton Bank</u>, 473 U.S. 172, 193 (1985).

To state a claim for violation of the substantive due process clause, plaintiff must allege that "a state actor deprived [him] of a constitutionally protected life, liberty or property interest." Shanks v. Dressel, 540 F.3d 1082, 1087 (9th Cir. 2008) (citing Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1026 (9th Cir. 2007). Such a violation is not preempted by the Takings Clause where the land use action challenged is "so arbitrary or irrational that it runs afoul of the Due Process Clause." Shanks, 540 F.3d at 1087 (quoting Lingle v. Chevron U.S.A., Inc., 544 U.S. 528, 542 (2005)).

Plaintiff's complaint alleges that defendants violated his constitutional rights when the Siskiyou County Planning Director informed him that a Use Permit relating to his property was no longer valid. (Compl., filed July 21, 2008, ¶ 13.) The Siskiyou County Planning Commission and the Siskiyou County Board of Supervisors upheld this position. (Id. ¶¶ 18, 21.) Taking plaintiff's allegations as true and drawing all reasonable inferences therefrom, plaintiff has sufficiently set forth a claim for a violation of his constitutional rights. The court cannot determine as a matter of law on a motion to dismiss the nature of the alleged taking or the nature of the government action. Nor can the court determine, as a matter of law on the record before it, whether plaintiff unsuccessfully attempted to obtain just compensation through State procedures. Therefore, defendants' motion to dismiss these claims on the bases relied

1 | upon by the magistrate judge is DENIED.[1]
2 |     IT IS SO ORDERED.
3 | DATED: March 3, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The court makes no findings with respect to other arguments raised in defendants' motion to dismiss but not relied upon by the magistrate judge.