1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  STANLEY SWENSON,                        No. CIV S-08-1675-FCD-CMK

12              Plaintiff,

13        vs.                               ORDER

14  SISKIYOU COUNTY, et al.,

15              Defendants.

16  _____/

17              Plaintiff, who is proceeding pro se, brings this civil rights action.  Pending before

18  the court is plaintiff's motion to: (1) extend the discovery cut-off date; (2) compel production of

19  documents; and (3) impose sanctions (Doc. 48).[1]  A hearing was held on January 28, 2010, at

20  10:00 a.m. before the undersigned in Redding, California.  Phillip B. Price, Esq., appeared on

21  behalf of defendants and plaintiff appeared pro se.

22  / / /

23  / / /

24  / / /

25  _____

26        [1]      The court addressed plaintiff's motion for an extension of the discovery cut-off
    date in an order issued on February 11, 2010.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# I. BACKGROUND

A.  **Plaintiff's Allegations**

Plaintiff names as defendants Siskiyou County, members of the Siskiyou County Planning Commission, and others.  He states that he owns an interest in real property situated in Siskiyou County.  The property is located "directly behind a gravel pit owned and operated by the Defendant."  According to plaintiff, on August 3, 1966, the Siskiyou County Planning Commission issued a use permit "allowing for the installation and operation of an asphalt hot plant to manufacture aggregate and asphalt paving products."  He states that his predecessor-in-interest began making use of the property consistent with the use permit and that the use permit became a "vested property right which runs with the land."  He adds that the 1966 use permit does not contain any termination provision.

Plaintiff claims that, on December 10, 2002, "[c]ounsel for the Plaintiff gave written notice . . . to Rick Barnum as Director of the Siskiyou County Planning Department that the property owners were going to move forward with a business plan consistent with the Use Permit."  On February 13, 2003, the Planning Commission responded with a letter asserting that the use permit was no longer valid.  According to plaintiff, the "Planning Director's decision was made without any hearing, without legislative authority, and without any legislative body action all in violation of Plaintiff's due process rights relating to termination of a vested property right."  Following the decision, Siskiyou County filed an appeal which was heard on May 4, 2005.[2]  The Planning Commission rejected the appeal and affirmed the determination that the 1966 use permit was no longer valid.  Plaintiff alleges that the appeal was heard over his objection because the Planning Commission "lacked any authority to conduct the [May 4, 2005] hearing."  On May 24, 2005, plaintiff appealed to the Siskiyou County Board of Supervisors, which also affirmed the Planning Commission's determination regarding the use permit.

---

[2]     Plaintiff does not state what happened between February 2003 and May 2005.

1      Plaintiff alleges in Count 1 a civil rights claim based on the determination that the

2  1966 use permit was not valid:

3          In declaring the Use Permit to be invalid based on Siskiyou County
           Code § 10-6.2501, Siskiyou County by and through the Planning Director,
4          the Planning Commission, and the Board of Supervisors abused their
           discretion and failed to proceed in the manner required by law in that the
5          termination of the Use Permit deprived Plaintiff of a vested property right.

6  He adds:

7          Termination of the Use Permit constitutes a taking of property
           without just compensation in violation of Article I, Section 19 of the
8          California Constitution and the Fifth and Fourteenth Amendments of the
           United States Constitution.  The termination violated Plaintiff's procedural
9          and substantive due process rights . . . .

10 Plaintiff contends that, as a result of the determination that the use permit was no longer valid, he

11 has been "denied the use of the Property consistent with the Use Permit from September of 2000

12 through the entry of a final order July 13, 2007. . . ."[3]

13      In Count 2, plaintiff references an action he brought asking the Superior Court to

14 declare the 1966 use permit valid with respect to his property.[4]  According to plaintiff, defendants

15 interposed demurrers based on failure to exhaust administrative remedies because they ". . . did

16 not want the case heard . . . because [they] knew that a hearing concerning a Vested Use Permit

17 would necessarily result in the protection of Plaintiff's property rights."  Plaintiff states that he

18 was told by the Siskiyou County Counsel – defendant Frank DeMarco – that ". . . the county

19 would rather fight Plaintiff in court in hopes of winning instead of taking on the masses of Mt.

20 ─────────────────

21      [3]    On July 20, 2007, the Siskiyou County Superior Court entered final judgment in
   case no. SCCVSV-05-222 in which the state court granted plaintiff's petition for a writ of
22 mandate challenging the determination that the 1966 use permit was invalid.  In the July 2007
   judgment, the state court ordered:

23          That a Writ of Mandate issue commanding Defendant . . . County
           of Siskiyou to refrain from denying Plaintiff's . . . right to exercise all
24          rights granted to his predecessor in interest . . . under that certain Use
           Permit issued August 3, 1966 . . . .

25
26      [4]    This is apparently a reference to his petition for a writ of mandate in Siskiyou
   County Superior Court case no. SCCVSV-05-222

1   Shasta when they filed in court if Plaintiff was allowed to go forward."  Plaintiff adds:

2              . . . At that point Plaintiff asked Mr. DeMarco if that meant that the
            county would rather squash Plaintiff's property rights in court in hopes of
3           the court making a mistake in its final decision and finding against
            Plaintiff.  Mr. DeMarco said "I guess you could state it that way."
4

5   According to plaintiff, defendants conspired to thwart his state court case even though they knew

6   the use permit was valid.

7              Plaintiff  also asserts in Count 2 that his case also arises out of a civil action

8   against plaintiff filed in 2001 by the Siskiyou County District Attorney's Office for damages

9   resulting from plaintiff's sale of dirt dug from the property.   He asserts that, through this lawsuit,

10  the "principal parties attempted to deprive Plaintiff of the vested right stated in Count 1 as a

11  method of getting revenge for his successful defense of the frivolous case."[5]  He adds that the

12  2001 civil action ". . . was filed instead of a citation for an infraction in an attempt to get a larger

13  sum of money from Plaintiff."  The action was ultimately dismissed in 2002.

14             Finally, plaintiff asserts allegations concerning his application in 2000 for a use

15  permit and reclamation plan.  Plaintiff states that objections were raised because of safety

16  concerns relating to a nearby railway underpass.  He states that he and county officials agreed to

17  share the cost of a traffic study.  According to plaintiff, the traffic study concluded that the

18  underpass was indeed too narrow and needed to be widened before plaintiff's project could go

19  forward.[6]  Plaintiff claims that the ". . . engineer made findings, not on the basis of his

20  independent judgment, but on the basis of the undue and unlawful influence of the County and

21  the individuals named in this count of the complaint."  He does not, however, provide any

22  additional specificity supporting this assertion.

23  ───────────────────

24       [5]      The court notes that it is not possible that the civil lawsuit was brought against
    plaintiff in order to retaliate against plaintiff for successfully defending against that lawsuit.  For
    this to be true, the plaintiffs to the civil lawsuit would have been required to know the outcome
25  of the case prior to bringing it.

26       [6]      Plaintiff does not state when the engineering study was concluded.

4

1      **B.      Procedural History**

2              On November 21, 2008, the court issued findings and recommendations that

3      defendants' motion to dismiss be granted and that this action be dismissed with prejudice for

4      failure to state a claim.  The court concluded that, as to Count 1, plaintiff could not state any

5      claim of denial of due process because he had access to adequate state court remedies.  As to

6      Count 2, the court concluded that plaintiff could not state a Takings Clause claim because he was

7      never deprived of all the use or value of his property.   In an order issued on March 3, 2009, the

8      District Judge declined to adopt the findings and recommendations.  The court stated:

9                      Upon review of the file, the court does not adopt the magistrate
               judge's findings and recommendations with respect to plaintiff's § 1983
10             claims based upon alleged violations of his substantive due process rights
               and the Takings Clause.  The court adopts the magistrate judge's findings
11             and recommendations in all other respects.

12                                             * * *

13                     Plaintiff's complaint alleges that defendants violated his
               constitutional rights when the Siskiyou County Planning Director
14             informed him that a Use Permit relating to his property was no longer
               valid.  (Compl., filed July 21, 2008, ¶ 13).  The Siskiyou County Planning
15             Commission and the Siskiyou County Board of Supervisors upheld this
               position.  (Id. ¶¶ 18, 21).  Taking plaintiff's allegations as true and
16             drawing all reasonable inferences therefrom, plaintiff has sufficiently set
               forth a claim for a violation of his constitutional rights.  The court cannot
17             determine as a matter of law on a motion to dismiss the nature of the
               alleged taking or the nature of the government action.  Nor can the court
18             determine, as a matter of law on the record before it, whether plaintiff
               unsuccessfully attempted to obtain just compensation through State
19             procedures.  Therefore, defendants' motion to dismiss these claims on the
               bases relied upon by the magistrate judge is DENIED.

20

21     Defendants filed an answer to the complaint on March 31, 2009, and a scheduling order was

22     issued on May 22, 2009.

23     / / /

24     / / /

25     / / /

26     / / /

1    It should be noted that the parties are in disagreement as to exactly which issues

2    remain in this case following the District Judge's order.  Plaintiff contends that, because

3    defendants answered all the claims, all claims remain at issue.  Defendants take a narrower view:

4        It is defendants' position that plaintiff's only issue remaining in the
     case is whether there was a substantive due process violation as a result of

5    [Siskiyou County Planning Director] Wayne Virag's letter of February 13,
     2003 (Exhibit 4 to the complaint) and its subsequent upholding by the

6    Planning Commission and Board of Supervisors and whether such
     amounted to a "taking."

7

8

9               **II.  DISCUSSION**

10    As indicated above, two portions of plaintiff's motion remain to be addressed:

11    (1) plaintiff's request for an order compelling production of documents; (2) and his request for an

12    order awarding sanctions.

13        **A.**    <u>**Motion to Compel**</u>

14    Plaintiff served defendants requests for production of documents on June 19,

15    2009.  Defendants served timely responses and produced some of the requested documents and a

16    privilege log as to other documents not being produced.  Plaintiff attempted to negotiate with Mr.

17    Price as to production of documents listed on the privilege log.  Ultimately, on September 28,

18    2009, Mr. Price sent plaintiff a letter indicating that none of the documents listed on the privilege

19    log would be produced.  Although by October or November 2009 Mr. Price later produced

20    additional documents responsive to plaintiff's request, as well as amended privilege logs, these

21    were documents which had originally been withheld only on relevance grounds.  According to

22    plaintiff, this supplemental production consisted of "an additional 18 documents."

23    As to the disputed discovery (specifically, those listed in Exhibit A to the joint

24    statement), defendants contend that they are protected by the work product and/or attorney-client

25    privileges.  While they have also asserted objections that some requests are overbroad,

26    burdensome, and/or seek irrelevant material, defendants' argument is primarily based on

1    privilege.  According to defendants: "The fact that many of them are also irrelevant is a

2    secondary basis for not producing them."[7]

3              1.       Privilege

4              Of the discovery in dispute, plaintiff does not challenge the applicability of the

5    privileges in general, but specifically argues that the privileges do not apply "due to the Crime or

6    Fraud Exception."  Defendants concede that the privileges do not apply to communications or

7    work produce which further a criminal purpose.  To invoke the crime or fraud exception, the

8    party seeking discovery must make a prima facie showing that there is a relationship between the

9    discovery sought and some kind of illegality.  See United States v. Bauer, 132 F.3d 504 (9th cir.

10   1997).

11             Here, citing a decision by the state court in Siskiyou County Superior Court case

12   no. SCCVSV, plaintiff contends that the exception applies because defendants "'committed an

13   error of law' by denying his 'constitutional right of due process.'"[8]  As defendants note, however,

14   the decision goes on to say:

15                   As a correction and clarification of this court's tentative ruling, the
                     court notes that its decision is based only on its determination that the
16                   County committed an error of law, namely the County impermissibly
                     rendered its decision without instituting revocation proceedings to provide
17                   the Plaintiff a fair hearing.

18   / / /

19   / / /

20   _____

21        [7]     On March 22, 2010, defendants filed a "Notice of Waiver and Withdrawal of
     Privileges Previously Claimed in Privilege Log and Amended Privilege Log."  In this filing,
22   defendants withdraw their privilege-based objections as to production of documents listed as nos.
     184, 186, and 308 in the privilege log.  Defendants produced document no. 186 – a May 10,
     2005, minute order of the Siskiyou County Board of Supervisors – but continue to assert
23   objections based on relevance as to document nos. 184 and 308.

24        [8]     The court may take judicial notice pursuant to Federal Rule of Evidence 201 of
     matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).
25   Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp.
     of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S.,
26   378 F.2d 906, 909 (9th Cir. 1967).

                                                    7

1     Defendants contend: "Assuming, arguendo, that 'defendants committed an error of law' and

2     denied plaintiff his constitutional right of due process, such actions do not constitute a crime or

3     fraud.  This argument is persuasive.  Because plaintiff cannot establish application of the crime

4     or fraud exception, and because he does not otherwise challenge the applicability of the attorney-

5     client and/or work product privileges, defendants' privilege objections will be sustained and

6     plaintiff's motion to compel will be denied to the extent plaintiff seeks to overcome such

7     objections.

8               2.   <u>Relevance</u>

9     Defendants argue:

10           It is defendants' position that plaintiff's only issue remaining in the case is whether there was a substantive due process violation as a result of

11     Wayne Virag's letter of February 13, 2005 (Exhibit 4 to the complaint) and its subsequent upholding by the Planning Commission and Board of

12     Supervisors and whether such amounted to a "taking" (there is also the defensive issue as to whether plaintiff's exhausted his administrative/

13     judicial remedies by an inverse condemnation action).
          Since the Court did adopt the Magistrate Judge's findings and

14     recommendations with respect to all other matters procedural due process under Count 1 and all claims under Count 2 of plaintiff's complaint are

15     gone.  That includes claims regarding conspiracy, the civil enforcement action by the District Attorney, and the prior use permit applications

16     including the railroad under-crossing issues.  Consequently, discovery relating to these old matters is not relevant to the subject matter of this

17     litigation and is not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Consequently, defendants are relieved

18     from producing all documents relating to these old matters, regardless of whether they are privileged or not.  The discussion of privilege relating to

19     these documents is moot.  The inquiry here should be limited only to those documents relating to action of Wayne Virag shown by Exhibit 2 (1996

20     Use Permit), Exhibit 3 (letter from plaintiff's attorney asking for legal basis which would suggest operation under Use Permit unlawful), and

21     Exhibit 4 (Virag's letter rendering the opinion that such use would be unlawful) to the complaint.

22

23     Plaintiff argues that all issues remain in the action because defendants filed an answer as to all

24     claims alleged in the complaint, not just those claims defendants now assert are the only

25     remaining claims following the District Judge's March 2009 order.

26     / / /

1    The court agrees with defendants' analysis of the District Judge's order.

2  Specifically, the court agrees that this action is limited to plaintiff's substantive due process and

3  Taking Clause claims.  These are the only claims as to which the District Judge did <u>not</u> adopt the

4  November 21, 2008, findings and recommendations.  Therefore, these are the only claims which

5  remain.  The court rejects plaintiff's contention that all issues remain despite the District Judge's

6  order simply because defendants took the precaution of answering all of his claims.  Plaintiff

7  does not present any other arguments as to the relevance of specific items of discovery and, upon

8  in camera review, the court finds no basis to overrule defendants' relevance objections given the

9  limiting effect of the District Judge's order.

10    **B.**    **<u>Sanctions</u>**

11    There is no basis for the imposition of sanctions because plaintiff is not a

12  prevailing party on his motion to compel.

13

14                    **III.  CONCLUSION**

15    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (Doc. 48) is

16  denied except as to the request for an extension of the discovery cut-off date, which was

17  addressed by prior order.

18

19   DATED:  April 20, 2010

20                                _____

21                                **CRAIG M. KELLISON**
                                 UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

                                    9