UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

STANLEY SWENSON,

        Plaintiff,

   v.

SISKIYOU COUNTY, CALIFORNIA
SISKIYOU COUNTY PLANNING
COMMISSION, LAVADA ERICKSON,
et al.,

        Defendants.
_____/

NO. CIV. S-08-1675 FCD/CMK PS

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on *pro se* plaintiff Stanley Swenson's ("plaintiff") motions for reconsideration by the district judge of the magistrate judge's orders of April 21 and 27, 2010.[1]  In the April 21, 2010 order, the magistrate judge denied plaintiff's motion to compel production of documents, and accordingly, his motion for discovery sanctions.  (Docket #61.) In the April 27, 2010, the court granted defendants' motion for

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs.  E.D. Cal. L.R. 230(g).

1

discovery sanctions, awarding defendants $590.00 in sanctions, based on plaintiff's failure to timely respond to defendants' interrogatories. (Docket #63.)

Because the magistrate judge's instant orders raise non-dispositive pre-trial issues, review is governed by the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). E.D. Cal. L.R. 303(f). Thereunder, a magistrate judge's order cannot be set aside or modified unless the findings of fact are clearly erroneous or the conclusions are contrary to law. Fed. R. Civ. P. 72(a); Grimes v. San Francisco, 951 F.2d 236, 239-40 (9th Cir. 1991). In moving for reconsideration, a party must set forth facts or law of a "strongly convincing nature to induce the court to reverse" the magistrate judge's decision. Jones v. Sweeney, 2008 WL 3892111, *1 (E.D. Cal. Aug. 21, 2008). Specifically, as to discovery matters, magistrate judges are given broad discretion and their decisions on such matters should not be overruled absent a showing of clear abuse of discretion. Id. Ultimately, a finding is "clearly erroneous" or "contrary to law" when the reviewing court is left with the definite and firm conviction that a mistake has been committed. Jadwin v. County of Kern, 2008 WL 4217742, *1 (E.D. Cal. Sept. 11, 2008).

Having carefully reviewed the magistrate judge's orders and plaintiff's motions for reconsideration thereof, the court finds the magistrate judge's orders resolving the parties' discovery disputes supported by the record and by proper analysis. First, as to the April 21 order, the magistrate judge properly denied plaintiff's motion to compel as the subject documents were either

1  irrelevant to the remaining substantive due process and takings
2  claims or were privileged as attorney/client communications or
3  work product.  On the instant motions, plaintiff does not provide
4  any new facts or law demonstrating an error in the magistrate
5  judge's decisions.  Indeed, plaintiff simply rehashes arguments
6  made to the magistrate judge--arguments which were persuasively
7  rejected by the magistrate judge.  <u>Reliance Ins. Co. v. Doctors</u>
8  <u>Co.</u>, 299 F. Supp. 2d 1131, 1154 (D. Hawaii 2003) (holding
9  "Reiteration of arguments originally made in support of, or in
10 opposition to, a motion . . . do not provide a valid basis for
11 reconsideration.").  Plaintiff has not demonstrated the relevance
12 of the at-issue documents to his claims for relief, and he has
13 not established a basis for application of the fraud/crime
14 exception to the attorney client privilege.  Moreover, even
15 assuming defendants violated plaintiff's due process rights, that
16 violation of law does not eviscerate the attorney/client
17 relationship for the reasons described by the magistrate judge.
18 (Docket #61 at 6-8.)  Finally, as plaintiff was not the
19 prevailing party on the motion, the magistrate judge correctly
20 denied his request for discovery sanctions.

21     As to the April 27 order, plaintiff did not file a written
22 response to defendants' motion to compel responses to
23 interrogatories and request for sanctions.  While he did appear
24 at the hearing on the motion, the magistrate judge was not
25 required to hear plaintiff's arguments pursuant to the local
26 rules.  E.D. Cal. L.R. 230(c) (providing that an opposing party
27 will not be entitled to be heard at oral argument if an
28 opposition has not been timely filed).  The magistrate judge did

3

1 hear plaintiff's arguments, however, and acknowledged in his
2 order that plaintiff had provided responses to the
3 interrogatories a few days prior to the hearing.  Nevertheless,
4 the magistrate judge properly granted sanctions against plaintiff
5 for his failure to *timely* respond to the discovery.  Plaintiff's
6 failure to timely respond necessitated defendants' motion to
7 compel, and an award of sanctions, in the amount of the costs
8 incurred in bringing the motion, is clearly authorized by Federal
9 Rule of Civil Procedure 37(a)(5).  Plaintiff offers no
10 justification for his failure to timely respond to defendants'
11 discovery, and as such, the award of sanctions was warranted.
12     Accordingly, for the foregoing reasons, plaintiff's motions
13 for reconsideration of the magistrate judge's orders of April 21
14 and 27, 2010 are DENIED.
15     IT IS SO ORDERED.
16 DATED: June 24, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

4