UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY SWENSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SISKIYOU COUNTY, et al.<br><br>Defendants. | Civ. No.  2:08-CV-1675-JAM-CMK<br><br><br>FINAL PRETRIAL ORDER |

On, September 17, 2015, the court conducted a final pretrial conference. Mark Fickes appeared for the plaintiff, Stanley Swenson; Robert Chalfant and Wendy Motooka appeared for defendants Siskiyou County, Siskiyou County Planning Commission, Lavada Erickson, Frank Demarco, Bill Hoy, Marcia Armstrong, Jim Cook, Ron Stevens, Jeff Fowle, Chris Lazaris, and Mike McMahon. After hearing, and good cause appearing, the court makes the following findings and orders:

JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. Sections 1331, 1343 and 42 U.S.C. Section 1983.  Venue is proper under 28 U.S.C. Section 1391. Jurisdiction and venue are not contested.

JURY/NON-JURY

The parties agree that timely demand for a jury trial was made, and that twelve (12) jurors will be impaneled.

1

UNDISPUTED FACTS

A.    A use permit (the "Use Permit") was issued on August 3, 1966 to C. O. Palmer, Jr., on property owned then by Mrs. Lucille Morgan.

B.    The real property subject to the Use Permit was subsequently acquired by Mr. Swenson and his wife (the "Property") in September 1994, consisting of 14.5 acres.

D.    Mr. Swenson and his wife subsequently conveyed a 2/3's interest in 11.5 acres of the Property to others so that he and his wife currently own a 100% interest in 3 acres of the Property and a 1/3 interest in 11.5 acres of the Property.

E.    The Use Permit permitted the installation and operation of an asphalt hot plant and the manufacture of aggregate and asphalt paving products.

F.    There has not been an asphalt hot plant on the Property since sometime in the 1980s, including when Mr. Swenson owned the Property.

G.    In 1995, Mr. Swenson participated in rezoning the real property to an M-M (Light Industrial District) zone, which was done at his request. There has been no change in the zoning applicable to the Property since February 14, 1995.

H.    From February 1995 to about May 2003, Rick Barnum was the County's Planning Director and Wayne Virag was the County's Assistant Planning Director.

I.    In August 2000, Mr. Swenson submitted an application for a use permit to surface mine on the Property.  Wayne Virag had some involvement in Mr. Swenson's August 2000 application for a use permit and reclamation plan approval to surface mine the real property.

J.    Mr. Virag notified Mr. Swenson that the August 2000 application was defective.

K.    In a memo to the planning department, Brian McDermott, then Director of Public Works, indicated that a railroad undercrossing near the Property was too narrow and unsafe to allow for the grant of the surfacing mining use permit.

L.    The County of Siskiyou had a surface mine (pit) next to Mr. Swenson's property for which his August 2000 application for a use permit and reclamation plan was made.

M.    Mr. Swenson's attorney, Darrin Mercier, wrote a letter, on December 10, 2002, followed by a letter on December 12, 2002 to Rick Barnum, director of the County's Planning

2

1  Department, advising that his clients were moving forward with their business plan consistent

2  with the 1966 Use Permit, but inquiring whether the Planning Department had any factual or legal

3  basis to suggest that operation under the Use Permit would be unlawful.

4        N.     Mr. Virag responded to Mercier's December 10 and 12, 2002 letters in a letter

5  dated February 13, 2003.

6        O.     Mr. Swenson filed a complaint for declaratory relief in the Siskiyou County

7  Superior Court on February 15, 2005, Case No. SCCVCV05-222 ("Siskiyou County

8  Complaint"). Mr. Swenson sought judicial determination of: (1) whether the Use Permit runs with

9  the land; (2) whether the Use Permit is still valid; and (3) whether the owner of the Property may

10  use the Property for the uses specified in the Use Permit. Mr. Swenson filed the Siskiyou County

11  Complaint before the completion of the administrative appeals to the Planning Commission and

12  Board of Supervisors.

13        P.     After about May 2003, Mr. Virag became the County's Planning Director until his

14  employment finished.

15        Q.     Defendants Jeff Fowle, Ron Stevens, Mike McMahon, and Chris Lazaris were

16  duly appointed Planning Commissioners who attended the meeting of the Planning Commission

17  held on May 4, 2005.

18        R.     At the conclusion of the Public Hearing on May 4, 2005, a motion was adopted,

19  upon a vote of the Commissioners, upholding Mr. Virag's opinion contained in his letter of

20  February 13, 2003.

21        S.     Defendant Frank DeMarco was County Counsel of the County of Siskiyou and

22  defendant Don Langford was the Assistant County Counsel of the County of Siskiyou during

23  2005 and the times mentioned herein.

24        T.     Don Langford attended the meeting of the Planning Commission of Siskiyou

25  County held on May 4, 2005, at the time the hearing on the appeal of Mr. Virag's opinion

26  contained in his letter of February 13, 2003, relating to the status the Use Permit.

27        U.     An issue raised by Mr. Swenson, at and prior to the hearing, was whether or not

28  Mr. Virag's opinion contained in his letter of February 13, 2003, was under provisions of the

1   Siskiyou County Code, an action subject to the administrative remedies of appeal to the Planning

2   Commission and ultimately to the Board of Supervisors.

3         V.     The decision of the Planning Commission upholding the conclusion/opinion of

4   Wayne Virag contained in his letter of February 13, 2003 was appealed to the Board of

5   Supervisors.  Mr. Swenson initiated that appeal under protest.

6         W.    The Board of Supervisors, after a public hearing, denied the appeal and upheld Mr.

7   Virag's opinion as set forth in his February 13, 2003 letter.

8         X.     Defendant LaVada Erickson, Marcia Armstrong, Bill Hoy, and Jim Cook were

9   Supervisors of Siskiyou County, who conducted and heard Mr. Swenson's appeal of the decision

10  of the Planning Commission upholding the opinion of Wayne Virag contained in his letter of

11  February 13, 2003. That appeal was heard on May 24, 2005.

12        Y.     Defendant Frank DeMarco attended the May 24, 2005 meeting of the Board of

13  Supervisors of Siskiyou County at the time of the hearing on the appeal of the Planning

14  Commission's decision to uphold the opinion of Mr. Virag contained in his February 13, 2013

15  letter relating to the status of the Use Permit.

16        Z.     An issue raised by Mr. Swenson, at and prior to the Planning Commission hearing

17  and the Board of Supervisors hearing, was whether or not Mr. Virag's opinion contained in his

18  February 13, 2013 letter relating to the status of the Use Permit was, under provisions of the

19  Siskiyou County Code, an action subject to the administrative remedies of appeal to the Planning

20  Commission and ultimately to the Board of Supervisors, and hence, ultimately reviewable in

21  court by way of a Writ for Administrative Mandamus.

22        AA.   The County filed various procedural challenges to the Siskiyou County Complaint,

23  alleging in part that the administrative process before the County had not been completed. Mr.

24  Swenson's claim for declaratory relief was dismissed, but he was permitted to proceed with his

25  claims for Administrative Mandamus in a Second Amended Complaint.

26        BB.   Plaintiff Swenson prevailed against the County in the Administrative Mandamus

27  action.

28  /////

1    CC.    The County did not appeal the May 15, 2007 decision in the Administrative

2  Mandamus action.

3    DD.    Brian McDermott was the Director of Public Works for the County until January

4  2008.

5    EE.    Scott Sumner is the Director of Public Works for the County of Siskiyou and has

6  been since November 2008. Prior to becoming Director of Public Works, Scott Sumner was a

7  Senior Civil Engineer for Siskiyou County from May 18, 1997 through November 23, 2002, and

8  Deputy Director of Public Works for Siskiyou County from November 23, 2002 through

9  November 15, 2008.

10    FF.    As of the present date, there has been no revocation hearing concerning the 1966

11  Use Permit.

12  <u>DISPUTED FACTUAL ISSUES</u>

13    The court has narrowed the list of disputed factual issues provided in the Joint

14  Pretrial Conference Statement to what it believes is the list of facts actually disputed.  The parties

15  should meet and confer, and advise the court by the first day of the trial if the list can be further

16  narrowed.

17    A.    Whether prior to Mr. Swenson's acquisition of the property in 1994, it was used

18  for an asphalt hot mix plant, quarry/surface mining operations, a gravel pit, and

19  aggregate/concrete processing.

20    B.    Whether the County submitted a reclamation plan, jointly with Mr. Swenson, for

21  approval to reclaim the County's gravel pit adjacent to Swenson's property.

22    C.    Whether Mr. Swenson permitted the County of Siskiyou (the "County") to surface

23  mine the Property jointly with the County's adjacent property.

24    D.    Whether the County removed 4,860 tons of pit run rock from Mr. Swenson's side

25  of the property line as part of the reclamation.

26    E.    Whether the Department of Public Works was only concerned with the railroad

27  undercrossing with respect to Swenson's August 2000 application and not for the January 2000

28  jointly proposed Reclamation Plan.

5

1    F.    Whether after Mr. Virag reviewed the August 2000 application, the County

2    decided that Mr. Swenson could not obtain a use permit without completing an Environmental

3    Impact Report.

4    G.    Whether Mr. Virag's Letter was formal action by the Planning Department.

5    H.    Whether the County went forward with "staff-initiated" appeal despite the

6    Plaintiff's protest.

7    I.    Whether there has been the manufacture of aggregate products on the Property

8    during the period of Mr. Swenson's ownership of the Property.

9    J.    Whether a hearing is required when the right obtained under a Use Permit expires

10   by operation of the law.

11   K.    Whether the Use Permit has been abandoned.

12   L.    Whether Plaintiff has any damages arising from lost mining operations, and if so,

13   to what extent.

14   M.    Whether Plaintiff has any damages arising from not operating an asphalt hot plant,

15   and if so, to what extent.

16   N.    Whether the plaintiff has established an asphalt hot plant to manufacture aggregate

17   and asphalt paving products on his real property since May 15, 2007.

18   O.    Whether the defendants have ever filed any enforcement action against Mr.

19   Swenson to prevent him from operating an asphalt hot plant to manufacture aggregate and asphalt

20   paving products pursuant to the Use Permit.

21   P.    Whether Mr. Swenson was aware that he risks prosecution should he proceed with

22   the manufacture of aggregate and asphalt paving products pursuant to the Use Permit.

23   Q.    Whether Swenson has ever obtained a permit or approval of a reclamation plan

24   and financial assurances, as required under California Public Resources Code Section 2770(a), to

25   permit him to surface mine on his property.

26   R.    Whether Swenson has initiated or needs to initiate a vested rights determination

27   hearing, pursuant to the Surfacing Mining and Reclamation Act ("SMARA"), regarding the 1966

28   Use Permit.

1    S.    Whether there was an impediment to Mr. Swenson's making use of the real

2    property as permitted by the Use Permit issued August 3, 1966.

3    DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

4        Plaintiff's Position

5            At this juncture, Mr. Swenson does not anticipate disputes concerning the

6    admissibility of live and deposition testimony, or physical or demonstrative evidence. Based on

7    the status of discovery, Mr. Swenson does not believe that the defendants intend to use any

8    computer animation, video discs, or other high technology. Mr. Swenson is still considering

9    whether to move in limine for the exclusion of the testimony of the County's expert, Craig M.

10   Enos. Mr. Swenson is also considering whether to move in limine to preclude defendants from

11   making certain arguments as set forth in plaintiff's points of law, below.

12       Defendants' Position

13           Defendants anticipate the following evidentiary disputes, to be raised by way of

14   motions in limine:

15       A.    Whether plaintiff should be precluded from arguing that Wayne Virag's letter

16   constitutes the revocation of a vested right.

17       B.    Whether testimony from experts Thomas Chapman and Angela Casler, and

18   testimony regarding aggregate and asphalt sales from the contractor witnesses (Terry Smith,

19   Ronald Taylor, Roger Henry, Gerard Pelletier, John McDowell, Jack Mitchell, David Baird, John

20   Buick, Donald Loader, Stephen Dean, Ron Rhodes, Joe Williams, Jack DeGray, David Jackson,

21   Harold Knight, and Jim Freeze) should be excluded as irrelevant, because plaintiff has never had

22   a vested rights determination hearing pursuant to SMARA or County ordinances.

23       C.    Whether the Court should decline, under the *Pullman* abstention doctrine, to

24   determine the validity and scope of the 1966 Use Permit.

25       D.    Whether the testimony of plaintiff's expert Thomas Chapman, and the testimony

26   of the contractor witnesses listed in item B, *supra*, should be excluded as too speculative.

27       E.    Whether the testimony of plaintiff's expert Angela Casler should be excluded as

28   too speculative.

7

F.      Whether plaintiff should be precluded from arguing that his constitutional rights were violated by the Planning Department's initiation of a hearing on the use permit.

G.      Whether plaintiff should be precluded from referencing other disputes in the County of Siskiyou over mining rights.

H.      Whether plaintiff should be precluded from referencing other legal disputes he has had with the County of Siskiyou.

I.      Whether plaintiff should be precluded from referencing how other mines were regulated in the County of Siskiyou.

J.      Whether certain testimony from William Overman, regarding the Board of Supervisors' actions and the legal effect of Wayne Virag's letter, should be excluded as lacking foundation and more prejudicial than probative.

K.      Whether plaintiff should be precluded from arguing that the Siskiyou County Superior Court order on the writ of mandate established a federal civil rights violation.

L.      Whether plaintiff should be precluded from referencing the existence of insurance or indemnification pertaining to any defendant.

M.      Whether plaintiff should be precluded from making arguments to the jury about the value of abstract constitutional rights.

N.      Exclusion of expert testimony by any expert who has not been disclosed pursuant to Rule 26.

O.      Exclusion of testimony, documentary evidence, or argument from plaintiff that is contrary to his responses to requests for admissions.

Pretrial Hearing on Select Motions in Limine

As discussed with the parties at the scheduling conference, the court will hear certain motions in limine on **October 30, 2015**, prior to trial. Those motions include those identified above as defendants' motion C, F, and K, motions to determine the scope of this action in light of the history of the case, and the effect of missing parties, including the status of the defendant's ex-wife.

/////

1   STIPULATIONS/AGREED STATEMENTS

2          None at this time.

3   RELIEF SOUGHT

4          A.      Mr. Swenson seeks compensation for lost profits and personal salary.

5          B.      Mr. Swenson seeks emotional distress damages.

6          C.      Mr. Swenson seeks punitive damages.

7          D.      Mr. Swenson seeks attorneys' fees and costs for the administrative proceedings

8   and the administrative writ proceedings, and this action.

9          E.      Mr. Swenson seeks prejudgment interest.

10         F.      Defendants seek judgment in their favor and attorneys' fees.

11  POINTS OF LAW

12         The parties shall alert the court to disputes about the applicable law and legal

13  standards, including the disputes referenced in the "special factual information" section of the

14  parties' joint statement that are relevant to trial.  Trial briefs addressing these points more

15  completely shall be filed with this court no later than **seven days prior to the date of trial** in

16  accordance with Local Rule 285.

17         Plaintiff's Points of Law

18         A.      Issue preclusion prohibits defendants from re-litigation whether Mr. Swenson has

19  a vested property right in the Use Permit.

20         B.      Defendants are precluded from arguing that Mr. Swenson's claims are barred by

21  the statute of limitations.

22         C.      Defendants are not entitled to absolute or qualified immunity.

23         D.      Defendants are liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694

24  (1978).

25         Defendant's Points of Law

26         A.      Individual defendants are entitled to qualified immunity.

27         B.      Plaintiff cannot claim a property interest in the right to surface mine or to

28  manufacture asphalt, because the validity of the 1966 Use Permit remains uncertain.

9

C.    Plaintiff's claimed damages relating to mining are too speculative to be awarded, because he has not yet had a vested rights determination hearing.

D.    The case may be missing required parties.

E.    Plaintiff did not mitigate his damages.

ABANDONED ISSUES

Mr. Swenson has not abandoned any issues raised by the pleadings.

WITNESSES

Plaintiff's witnesses shall be those listed in Attachment A[1]. Defendants' witnesses shall be those listed in Attachment B. Each party may call any witnesses designated by the other.

A.    The court will not permit any other witness to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

B.    Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

(1) The witness could not reasonably have been discovered prior to the discovery cutoff;

(2) The court and opposing parties were promptly notified upon discovery of the witness;

(3) If time permitted, the party proffered the witness for deposition; and

(4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

---

[1] The court notes the plaintiff's Witness List skips from #29 William Overman to #31 Joseph Pelletier, and assumes this reflects a clerical error and not the omission of a witness name.

1   EXHIBITS, SCHEDULES AND SUMMARIES

2           Plaintiff's exhibits are identified on Attachment C. At trial, plaintiff's exhibits

3   shall be listed numerically.

4           Defendant's exhibits are identified on Attachment D[2]. At trial, defendant's exhibits

5   shall be listed alphabetically.

6           The court understands the parties are working to generate a joint exhibit list. The

7   court encourages the parties to generate a joint exhibit list to the extent possible.  If parties wish

8   to submit a joint exhibit list to supersede their separate exhibit list in whole or in part, they should

9   submit that by **October 8, 2015**. Joint Exhibits shall be identified as JX and listed numerically,

10  e.g., JX-1, JX-2.

11          All exhibits must be premarked.

12          The parties must prepare exhibit binders for use by the court at trial, with a side tab

13  identifying each exhibit in accordance with the specifications above.  Each binder shall have an

14  identification label on the front and spine.

15          The parties must exchange exhibits no later than twenty-eight days before trial.

16  Any objections to exhibits are due no later than fourteen days before trial.

17      A.     The court will not admit exhibits other than those identified on the exhibit lists

18  referenced above unless:

19          1.  The party proffering the exhibit demonstrates that the exhibit is for the purpose

20              of rebutting evidence that could not have been reasonably anticipated, or

21          2.  The exhibit was discovered after the issuance of this order and the proffering

22              party makes the showing required in Paragraph "B," below.

23      B.     Upon the discovery of exhibits after the discovery cutoff, a party shall promptly

24  inform the court and opposing parties of the existence of such exhibits so that the court may

25  consider their admissibility at trial. The exhibits will not be received unless the proffering party

26  demonstrates:

27  _____

28  [2] The court notes Exhibit VV on the defendants' Exhibit List is identified as a Minute Order dated May 17, 2007, although it appears in a series of documents dated in 2005.

1          1. The exhibits could not reasonably have been discovered earlier;

2          2. The court and the opposing parties were promptly informed of their existence;

3          3. The proffering party forwarded a copy of the exhibits (if physically possible) to

4          the opposing party.  If the exhibits may not be copied the proffering party must

5          show that it has made the exhibits reasonably available for inspection by the

6          opposing parties.

7    DEPOSITION TRANSCRIPTS

8          Counsel must lodge the sealed original copy of any deposition transcript to be used

9    at trial with the Clerk of the Court on the first day of trial.

10          Plaintiff's Position

11    A.     Bill Hoy's Responses to Interrogatory Nos. 1, 5, 7, 8, 9, and 20.  (Set No. 1).

12    B.     Chris Lazaris's Responses to Interrogatory Nos. 1, 5, 7, 8, 9, and 20.  (Set No. 1).

13    C.     Siskiyou County's and Siskiyou County Planning Commission's Responses to

14    Interrogatory Nos. 1, 2, 5, 7, 8, 9, and 20. (Set No. 1)

15    D.     Frank DeMarco's Responses to Interrogatory Nos. 1, 2, 3, 5, 7, 8, 9, and 20.  (Set

16    No. 1).

17    E.     Jim Fowle's Responses to Interrogatory Nos. 2, 3, 4, 5, 6, 7, 9, 15, and 20.  (Set

18    No. 1).

19    F.     Jim Cooke's Responses to Interrogatory Nos. 1, 4, 5, 6, 7, 9, 15, and 20.  (Set No.

20    1).

21    G.     Lavada Erickson's Responses to Interrogatory Nos. 1, 5, 7, 8, 9, 15, 16, 18, and 20.

22    (Set No. 1).

23    H.     Marcia Armstrong's Responses to Interrogatory Nos. 1, 5, 7, 8, 9, and 20.  (Set

24    No. 1).

25    I.     Mike McMahon's Responses to Interrogatory Nos. 1, 3, 7, 8, 9, and 20.  (Set No.

26    1).

27    J.     Ron Stevens's Responses to Interrogatory Nos. 1, 3, 5, 7, 8, 9, and 20.  (Set No. 1).

28    /////

12

K.      Defendants' Responses to Request for Admissions Nos. 2, 6, 7, 8, 9, 10, 11, 12, 29, 30, 39, 40, 55, 75, 76, 77, and 78 (Set No. 1).

<u>Plaintiff's Designation of Excerpts from Depositions</u>

A.      David Baird: 4:6-8:19; 9:24-10:5; and 16:4-17:2.

B.      David Jackson: 4:14-5:6; 5:15-22; 6:14-25; 10:23-11:13; 13:3-18; 15:21-24; 18:18-19:4; 20:10-24:10; 27:9-15; 29:13-30:10; 32:2-25; 34:18-35:5.

C.      Donald Clifton: 4:6-16; 4:20-10:2; 11:8-14:9; 16:16-17:6.

D.      Richard Loader: 4:6-14; 5:25-9:12; 10:6-13:15; 14:18-15:7; 19:25-20:2; 23:5-25:22.

E.      Earl Campbell: 4:13-13:23; 14"3-7; 15:22-18:17; 18:20-19:8; 19:14-21:10; 21:3-23:17; 29:13-30:3.

F.      Fern Campbell: 4:13-11:20.

G.      Gerard Pelletier: 4:6-10; 5:24-7:23; 8:4-9:13; 14:6-15:14; 28:8-30:21.

H.      Harold Knight: 4:6-16; 5:22-7:9; 8:16-18:6; 28:16-29:10.

I.      Jack DeGray: 4:6-14; 5:20-7:18; 7:23-8:22; 10:20-11:20; 12:6-13:24; 16:1-17:13; 19:21-20:2; 20:6-22:17; 24:3-10; 26:4-26:23.

J.      Jack Mitchell: 4:6-16; 5:21-7:25; 9:8-11:2; 13:6-15:7; 19:3-22; 37:12-24.

K.      Joe Williams: 5:9-18; 5:24-6:8; 7:4-12; 8:7-12; 10:21-11:14; 20:3-23; 24:5-28:21.

L.      John Buick: 5:9-21; 6:1-25; 17:8-20:20.

M.      John McDowell: 4:6-8:8; 9:7-10:5; 11:10-13:5; 13:14-17:8.

N.      Ron Rhodes: 4:6-13; 5:9-21; 6:3-7:5; 7:20-9:24; 11:23- 12:16; 16:5-10; 16:23-17:13; 21:5-22:18; 24:16-29:24.

O.      Ronald Taylor: 4:7-6:11; 7:5-9:11; 12:8-20; 15:24-16:13; 19:26-20:10; 27:23-29:19.

P.      Stephen Dean: 4:6-8:3; 8:21-10:12.

Q.      William Overman: 6:7-13; 7:24-15:6; 16:13-21:17.

R.      Roger Henry: 4:4-5:3; 7:18-8:18; 14:6-22; 31:4-32:24; 34:15-35:22.

/////

13

1    Defendant's Position

2    Stanley Swenson's Response to Request for Admissions Nos. 1, 2, 3, 5, 7, 8, 9, 10,

3    11, 12, 13, 19, 42, 43, 44, 45, 46, 47, and 48.

4    FURTHER DISCOVERY OR MOTIONS

5    With the possible exception of motions in limine, no other motions are

6    contemplated at this time.

7    AMENDMENTS/DISMISSALS

8    None at this time.

9    SETTLEMENT

10    The parties participated in a settlement conference before Magistrate Judge Dale

11    A. Drozd on June 9, 2014. Since the first settlement conference, the court has denied the

12    defendants' motion for summary judgment, and the defendants have new counsel. The court

13    therefore orders the parties to a second settlement conference.

14    A settlement conference is scheduled before Judge Drozd for **November 5, 2015**

15    at 10:00 a.m. in Courtroom No. 27, 8th Floor. The parties have waived conflict to the assigned

16    magistrate judge.

17    The parties are directed to submit their confidential settlement conference

18    statements to the Court using the following email address: dadorders@caed.uscourts.gov.

19    Statements are due at least 7 days prior to the Settlement Conference.  Such statements are neither

20    to be filed with the clerk nor served on opposing counsel.  However, each party shall e-file a one

21    page document entitled Notice of Submission of Confidential Settlement Conference Statement.

22    The parties may agree, or not, to serve each other with the settlement statements.  Each party is

23    reminded of the requirement that it be represented in person at the settlement conference by a

24    person able to dispose of the case or fully authorized to settle the matter at the settlement

25    conference on any terms.  See Local Rule 270.

26    /////

27    /////

28    /////

JOINT STATEMENT OF THE CASE

The parties have agreed to the following joint statement of the case:

Mr. Swenson and the County of Siskiyou dispute the applicability of certain land use restrictions to Mr. Swenson's real property in Siskiyou County, and their impact on his ability to surface mine and manufacture asphalt on his property. Mr. Swenson alleges that the County of Siskiyou and several of its employees violated his federal constitutional rights during the litigation. He now sues the County and several County employees for monetary damages.

AGREED STATEMENT OF FACTS

Because so much of this case depends on the interpretation of documents, presentation of all or part of the action upon an agreed statement of facts is not advisable because, in most if not all instances, the parties' interpretation of arguably undisputed facts would require thorough examination of the witnesses who prepared and received the largely undisputed documents.

SEPARATE TRIAL OF ISSUES

None.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

ATTORNEYS' FEES

As set forth in Section 7, above, Mr. Swenson seeks attorneys' fees as permitted by law. Mr. Swenson will file a motion no later than 28 days after entry of the final judgment as set forth in Local Rule 293.

Defendants also will seek attorneys' fees, as permitted by law.

TRIAL EXHIBITS

No special handling is required.

The court will not retain certified copies of exhibits as set forth in Local Rule 138(j) in the event of an appeal.

/////

1   TRIAL PROTECTIVE ORDER

2           The parties do not seek a protective order for civil trial under Local Rule

3   141.1(b)(2).

4   ESTIMATED TIME OF TRIAL/TRIAL DATE

5           This jury trial is on standby for **November 16, 2015** at **9:00 a.m.** in Courtroom

6   Three before the Honorable Kimberly J. Mueller. The parties have agreed to trail the case

7   currently scheduled for that date. The parties will be notified by one week prior to the standby

8   date whether the case will proceed on November 16, 2015. The trial is anticipated to last fourteen

9   (14) days.  The parties are directed to Judge Mueller's default trial schedule outlined on her web

10  page on the court's website.

11  PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

12          The parties shall file any proposed jury voir dire seven days before trial.  Each

13  party will be limited to ten minutes of jury voir dire.

14          The court directs counsel to meet and confer in an attempt to generate a joint set of

15  jury instructions and verdicts.  The parties shall file any such joint set of instructions fourteen

16  days before trial, identified as "Jury Instructions and Verdicts Without Objection."  To the extent

17  the parties are unable to agree on all or some instructions and verdicts, their respective proposed

18  instructions are due fourteen days before trial.

19          Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether

20  agreed or disputed, as a word document to kjmorders@caed.uscourts.gov no later than fourteen

21  days before trial; all blanks in form instructions should be completed and all brackets removed.

22          Objections to proposed jury instructions must be filed seven days before trial; each

23  objection shall identify the challenged instruction and shall provide a concise explanation of the

24  basis for the objection along with citation of authority.   When applicable, the objecting party

25  shall submit an alternative proposed instruction on the issue or identify which of his or her own

26  proposed instructions covers the subject.

27  TRIAL BRIEFS

28          Trial briefs are due seven days before trial on **November 9, 2015**.

1  OBJECTIONS TO PRETRIAL ORDER

2          Each party is granted fourteen days from the date of this order to file objections to

3  the same.  If no objections are filed, the order will become final without further order of this

4  court.

5          IT IS SO ORDERED

6  DATED:  September 28, 2015.

7

8  _____

9  UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

ATTACHMENT A: Plaintiff's Witnesses

**PLAINTIFF'S WITNESS LIST**

1.      **Marcia Armstrong.** Ms. Armstrong can be reached through counsel for the defendants. Ms. Armstrong is a defendant and her testimony will be centered on her actions as a member of the Board of Supervisors. She will testify concerning: (1) her conduct before, during, and after Board of Supervisor's meetings relating to Mr. Swenson's appeal of the decision of the Planning Commission; (2) the evidence purportedly considered by the Board; (3) the Board's decision related to Mr. Swenson's property; and (4) the manner in which she contributed to the deprivation of Mr. Swenson's constitutional rights.

2.      **David Baird.** Mr. Baird's address is 240 Cricket Road, Mt. Shasta, California 96067. Mr. Baird is a local contractor and land developer. He purchased gravel for his subdivision and will testify that he would have purchased gravel from Mr. Swenson, had Mr. Swenson been allowed to manufacture aggregate.

3.      **John Buick.** Mr. Buick's address is 9831 Cow Creek Drive, Palo Cedro, California 96073. Mr. Buick is a local contractor who contracts with the U.S. Forest Service. He purchased gravel for this and will testify that he would have purchased gravel from Mr. Swenson, had Mr. Swenson been allowed to manufacture aggregate.

4.      **Earl Campbell.** Mr. Campbell's address is 2045 S. 19th Street, Coos Bay, Oregon 97420. Mr. Campbell was a former owner of the gravel pit located at 2700 N. Old Stage Rd., in the Mt. Shasta Area, which is the gravel pit at issue in this case. Mr. Campbell will testify about the history of the pit and its uses during the tenure of his ownership.

5.      **Fern Campbell.** Mrs. Campbell's address is Mr. Campbell's address is 2045 S. 19th Street, Coos Bay, Oregon 97420. Mrs. Campbell was a former owner of the gravel pit located at 2700 N. Old Stage Rd., in the Mt. Shasta Area, which is the gravel pit at issue in this case.  Mr. Campbell will testify about the history of the pit and its uses during the tenure of his ownership.

/////

18

6.      **Angela Caster.** Ms. Caster may be reached through counsel for Mr. Swenson. She is a designated expert who will testify to issues related to Mr. Swenson's damages.

7.      **Thomas Chapman.** Mr. Chapman may be reached through counsel for Mr. Swenson.  He is a designated expert who will testify to issues related to Mr. Swenson's damages.

8.      **Donald Clifton.** Mr. Clifton's address is 106 Rancho Maderas Way in Henderson, Nevada 89002. Mr. Clifton was a previous owner/operator of the gravel pit located at 2700 N. Old Stage Road, in the Mt. Shasta Area, which is the gravel pit at issue in this case. He will testify about the historical use of the property and the amount of gravel sales he made during his ownership. Mr. Clifton was owner/operator of the pit when Siskiyou County issued the 1966 use permit at issue in this case. He installed the asphalt hot mix plant and operated it on the property for approximately 15 years.

9.      **Jim Cook.** Mr. Cook can be reached through counsel for defendants. Mr. Cook is a defendant and his testimony will be centered on her actions as a member of the Board of Supervisors. He will testify concerning: (1) his conduct before, during, and after Board of Supervisor's meetings relating to Mr. Swenson's appeal of the decision of the Planning Commission; (2) the evidence purportedly considered by the Board; (3) the Board's decision related to Mr. Swenson's property; and (4) the manner in which he contributed to the deprivation of Mr. Swenson's constitutional rights.

10.     **Tony Cruse.** Mr. Cruse's address is 886 Fitch Road, Alturas, California 96101. Mr. Cruse is a paving contractor and asphalt hot mix operator who will testify about gravel purchases, asphalt hot mix plants, and his desire to locate an asphalt hot mix plant on the gravel pit located at 2700 N. Old Stage Rd., in the Mt. Shasta Area, which is the pit at issue in this case.

11.     **Stephen Dean.** Mr. Dean's address is 16335 North Street, Redding, California 96001. Mr. Dean is a California Licensed Land Surveyor. He surveyed Mr. Swenson's gravel pit and will testify about the results of his survey.

12.     **Jack DeGray.** Mr. DeGray's address is 1633 Davis Place Road, Mt. Shasta, California 96067.      Mr. DeGray is a local paving contractor who will testify about gravel and
/////

19

asphalt hot mix purchases he made. He will also testify that he would have purchased materials from Mr. Swenson had the defendants allowed Mr. Swenson to operate his gravel pit.

13. **Frank DeMarco.** Mr. DeMarco can be reached through counsel for defendants. Mr. DeMarco was County Counsel before, during and after the appeals hearing of May 24, 2005. He will testify about his role in the County's mistreatment's of Mr. Swenson including the manner in which the Board of Supervisor's conducted the appeal of the Planning Commission.

14. **Lavada Erickson**. Ms. Erickson can be reached through counsel for defendants. Ms. Erickson is a defendant and her testimony will be centered on her actions as a member of the Board of Supervisors. She will testify concerning: (1) her conduct before, during, and after Board of Supervisor's meetings relating to Mr. Swenson's appeal of the decision of the Planning Commission; (2) the evidence purportedly considered by the Board; (3) the Board's decision related to Mr. Swenson's property; and (4) the manner in which she contributed to the deprivation of Mr. Swenson's constitutional rights.

15. **Jeff Fowle.** Mr. Fowle can be reached through counsel for defendants. Mr. Fowle was a member of the Siskiyou County Planning Commission during the events at issue in this case. He will testify about his actions before, during and after the Siskiyou County Planning Commission Hearing held on May 4, 2005, and related to Mr. Swenson, including the decision to conduct an appeal against Mr. Swenson's wishes. Mr. Fowle will testify about Siskiyou County Ordinances and the appeals process.

16. **Jim Freeze.** Mr. Freeze's address is P.O. Box 1231, Yreka, California, 96097. Mr. Freeze is a local paving contractor. He will testify about gravel and asphalt hot mix purchases for his contracting business and how he would have purchased materials from Mr. Swenson had the County permitted Mr. Swenson to manufacture aggregate and asphalt products.

17. **David Gravenkamp.** Mr. Gravenkamp's address is 505 North Street, Yreka, California 96097. Mr. Gravenkamp was the Siskiyou County Public Works Director. He will testify about the Siskiyou County Gravel Pit located on Pine Grove Dr. in the Mt. Shasta area, which is adjacent to Mr. Swenson's pit. He will also testify about the Siskiyou County Public

/////

20

Works Department's involvement in the handling of the Mr. Swenson's use permit and reclamation plan application.

18. **Roger Henry.** Mr. Henry's address is 2600 Ely Lane, Redding, California 96001. Mr. Henry is a local paving contractor, estimator, and project manager. He will testify about gravel and asphalt hot mix purchases for his contracting business and how he would have purchased materials from Mr. Swenson had the defendants allowed Mr. Swenson to manufacture aggregate and asphalt products.

19. **Bill Hoy.** Mr. Hoy can be reached through counsel for defendants. Mr. Hoy is a defendant and his testimony will be centered on his actions as a member of the Board of Supervisors. He will testify concerning: (1) his conduct before, during, and after Board of Supervisor's meetings relating to Mr. Swenson's appeal of the decision of the Planning Commission; (2) the evidence purportedly considered by the Board; (3) the Board's decision related to Mr. Swenson's property; and (4) the manner in which he contributed to the deprivation of Mr. Swenson's constitutional rights.

20. **David Jackson.** Mr. Jackson's address is 704 Aiello Lane, Mt. Shasta, California 96067. Mr. Jackson is a local contractor. He will testify about gravel and asphalt hot mix purchases for his contracting business and how he would have purchased materials from Mr. Swenson had the County permitted Mr. Swenson to manufacture aggregate and asphalt products.

21. **Harold Knight.** Mr. Knight's address is 1829 Wyehka Way, Mt. Shasta, California 96067. Harold Knight is a partner in the property located at 2700 N. Old Stage Rd., in the Mt. Shasta Area, which is the gravel at issue in this case. He will testify about his involvement with the gravel pit.  He is also a local building contractor and he will testify about gravel and asphalt hot mix purchases for his contracting business and how he would have purchased materials from Mr. Swenson had the County permitted Mr. Swenson to manufacture aggregate and asphalt products.

22. **Donald Langford.** 311 Fourth Street, Yreka, California 96097. Mr. Langford was a member of the Siskiyou County Counsel's Office. He was present at the Siskiyou County

/////

Planning Commission appeals hearing that was held on May 4, 2005, and will testify about his involvement before, during and after the appeals hearing.

23. **Chris Lazaris.** Mr. Lazaris's address is 183 South Dewitt Way, Yreka, California 96097. Chris Lazaris was a Siskiyou County Planning Commissioner for a number of years. He will testify about his actions before, during and after the Siskiyou County Planning Commission Hearing held on May 4, 2005, regarding Mr. Swenson's gravel pit. He has knowledge of the Siskiyou County Ordinances and appeals process and he will testify about them.

24. **Donald Richard Loader, Jr.** Mr. Loader's address is 242 Dietz Road, Mt. Shasta, California, 96067. Mr. Loader is a local contractor. Donald Richard Loader, Jr. will testify gravel and asphalt hot mix purchases for his contracting business and how he would have purchased materials from Mr. Swenson had the County permitted Mr. Swenson to manufacture aggregate and asphalt products.

25. **Brian McDermott.** Mr. McDermott's address is 1508 Timberhills Road, Mr. Shasta, California 96067. He has held three positions in the Siskiyou County Government, including serving as: (1) Assistant Public Works Director; (2) Public Works Director; and (3) Siskiyou County Administrator. Mr. McDermott will testify about his knowledge of Siskiyou County's actions leading up to and including the Board of Supervisors' appeal hearing held on May 24, 2005.

26. **John McDowell.** Mr. McDowell's address is 3005 Cantara Road, Mt. Shasta, California 96067. Mr. McDowell is a partner in the ownership of the real property located at 2700 N. Old Stage Rd., in the Mt. Shasta area. He will testify about the investment he made in the property and the fact that he was not and will not be involved in the operation of the gravel pit mining project.

27. **Mike McMahon.** Mr. McMahon can be reached through counsel for defendants. He is a defendant in this action. Mr. McMahon is and was a Siskiyou County Planning Commissioner for a number of years. He will testify about his actions before, during and after the Siskiyou County Planning Commission Hearing held on May 4, 2005, regarding Mr. Swenson's gravel pit.

28.    **Jack Mitchell.** Mr. Mitchell's address is 29337 Riverside Road, Castella, California 96017 & P.O. Box 172, Castella, California 96017. Jack Mitchell is a local paving & excavation contractor. Jack Mitchell will testify about gravel and asphalt hot mix purchases for his contracting business and how he would have purchased materials from Mr. Swenson had the County permitted Mr. Swenson to manufacture aggregate and asphalt products.

29.    **William Overman.** Mr. Overman is deceased but his deposition testimony will be presented to the jury. Mr. Overman was a member of the Siskiyou County Board of Supervisors during the appeals hearing, which was heard on May 24, 2005, related to Mr. Swenson's gravel pit. He will testify about the Board's actions before, during and after the hearing. He voted to overturn the Siskiyou County Planning Commission's Appeal.

30.    **Gerard Joseph Pelletier.** Mr. Pelletier's address is 711 Woodland Park Drive, Mt. Shasta, California, 96067. He is a local excavation contractor. Mr. Pelletier will testify about gravel and asphalt hot mix purchases for his contracting business and how he would have purchased materials from Mr. Swenson had the County permitted Mr. Swenson to manufacture aggregate and asphalt products. He will also testify about his reluctance to participate in this litigation because he does business with Siskiyou County and he hears that the County will retaliate against him if he assists Mr. Swenson in this case.

31.    **Greg Plucker**. Mr. Plucker can be reached through the Siskiyou County Planning Department. Mr. Plucker was the Assistant Siskiyou County Planning Director and he has now been promoted to the position of Siskiyou County Planning Director. He will testify about the contents of a declaration he submitted in support of the defendants' motion for summary judgment. He has knowledge of the application for a business license that he approved to allow an asphalt hot mix plant to be installed on Mr. Swenson's property. Mr. Plucker will also testify about Siskiyou County Zoning Ordinances, the requirements and validity of the 1966 use permit, the vested mine determination process that he has developed for Siskiyou County, and the process for handling vested property rights.

32.    **Philip Price**. Mr. Price's address is 466 Vallombrosa Avenue, Chico, California 95927. Mr. Price was outside Counsel under contract with Siskiyou County to handle legal

1   actions. He was brought on board when Plaintiff Stanley Swenson, through his attorney, filed the

2   Declaratory Relief Action in Siskiyou Superior Court.  In response to the Declaratory Relief,

3   Philip Price filed and successfully demurred the action to a Writ of Mandamus. Mr. Price

4   counselled the Siskiyou County Planning Staff and Commission during the appeals hearing that

5   was held on May 4, 2005.

6       33.     **Ron Rhodes**. Mr. Rhodes's address is 2200 Mott Airport Road, Mt. Shasta,

7   California 96067.  Mr. Rhodes is a local paving & excavation contractor.  Ron Rhodes will testify

8   about gravel and asphalt hot mix purchases for his contracting business and how he would have

9   purchased materials from Mr. Swenson had the County permitted Mr. Swenson to manufacture

10  aggregate and asphalt products.

11      34.     **Dr. Richard Shearer.** Dr. Shearer's address is 701 Pine Street, Mt. Shasta,

12  California 96067. Dr. Richard Shearer is personal physician of Stanley Swenson.  He will testify

13  about his personal observations of Mr. Swenson's mental anguish and medical problems

14  following his interactions with Siskiyou County officials.

15      35.     **Terry Smith.** Mr. Smith's address is 11725 Old Highway 99 S, Grenada,

16  California 96038. Mr. Smith is a local paving & excavation contractor.  Terry Smith will testify

17  about gravel and asphalt hot mix purchases for his contracting business and how he would have

18  purchased materials from Mr. Swenson had the County permitted Mr. Swenson to manufacture

19  aggregate and asphalt products.

20      36.     **Ron Stevens.** Mr. Stevens is a defendant in this action and can be reached through

21  counsel for defendants. Mr. Stevens was a Siskiyou County Planning Commissioner for a number

22  of years. He will testify about his actions before, during and after the Siskiyou County Planning

23  Commission Hearing held on May 4, 2005, regarding Mr. Swenson's gravel pit. Mr. Stevens has

24  knowledge of the Siskiyou County ordinances and appeals process and he will testify about them.

25      37.     **Stanley Swenson.** Mr. Swenson can be reached through his counsel.  He will

26  testify about the events and circumstances giving rise to this lawsuit including the manner in

27  which the defendants violated his constitutional rights.

28  /////

38.     **Ronald Taylor.** Mr. Taylor's address is 58 East Yolo Street, Orland, California 95963. Ronald Taylor was a local contractor.  Ronald Taylor will testify about gravel and asphalt hot mix purchases for his contracting business and how he would have purchased materials from Mr. Swenson had the County permitted Mr. Swenson to manufacture aggregate and asphalt products.

39.     **Wayne Virag.** Mr. Virag's address is 4536 Rainbow Drive, Weed, California 96094. Mr. Virag held two positions in the Siskiyou County Government. He was the Siskiyou County Assistant Planning Director under Richard Barnum, who is deceased. Mr. Virag will testify about his role in the prolonged debate about the status of the 1966 use permit. He will also testify as to his involvement before, during and after the appeals hearings.

40.     **Joe Williams.** Mr. Williams's address is 7157 Pit Road, Redding, California 96001. Mr. Williams is an estimator for a paving and excavation contractor.  Joe Williams will testify about gravel and asphalt hot mix purchases for his contracting business and how he would have purchased materials from Mr. Swenson had the County permitted Mr. Swenson to manufacture aggregate and asphalt products.

ATTACHMENT B: Defendant's Witnesses

## DEFENDANT'S WITNESS LIST

1.      **Ron Stevens, Former Planning Commissioner, County of Siskiyou**. Mr. Stevens will testify as to:  (1) all occurrences during Planning Commission meetings involving plaintiff and the 1966 Use Permit; (2) the opinion letter by Wayne Virag; (3) oral and documentary evidence presented to the Planning Commission; (4) plaintiff's applications for a Use Permit with Reclamation Plans, and related issues with a North Old Stage Road Railroad undercrossing; (5) the role and function of the Planning Commission; and (6) the procedures and processes for setting and hearing matters before the Planning Commission.

2.      **Jeff Fowle, Planning Commissioner, County of Siskiyou**. Mr. Fowle will testify as to:  (1) all occurrences during Planning Commission meetings involving plaintiff and the 1966 Use Permit; (2) the opinion letter by Wayne Virag; (3) oral and documentary evidence presented to the Planning Commission; (4) plaintiff's applications for a Use Permit with Reclamation Plans, and related issues with a North Old Stage Road Railroad undercrossing; (5) the role and function of the Planning Commission; and (6) the procedures and processes for setting and hearing matters before the Planning Commission.

3.      **Chris Lazaris, Planning Commissioner, County of Siskiyou**. Mr. Lazaris will testify as to: (1) all occurrences during Planning Commission meetings involving plaintiff and the 1966 Use Permit; (2) the opinion letter by Wayne Virag; (3) oral and documentary evidence presented to the Planning Commission; (4) plaintiff's applications for a Use Permit with Reclamation Plans, and related issues with a North Old Stage Road Railroad undercrossing; (5) the role and function of the Planning Commission; and (6) the procedures and processes for setting and hearing matters before the Planning Commission.

4.      **Mike McMahon, Planning Commissioner, County of Siskiyou**. Mr.  McMahon will testify as to: (1) all occurrences during Planning Commission meetings involving plaintiff and the 1966 Use Permit; (2) the opinion letter by Wayne Virag; (3) oral and documentary evidence presented to the Planning Commission; (4) plaintiff's applications for a Use Permit with Reclamation Plans, and related issues with a North Old Stage Road Railroad undercrossing; (5)

1  the role and function of the Planning Commission; and (6) the procedures and processes for

2  setting and hearing matters before the Planning Commission.

3       5.    **Bill Hoy, Former Member of the Board of Supervisors, County of Siskiyou**.

4  Mr. Hoy will testify as to:  (1) Board of Supervisors meetings relating to plaintiff and his appeal

5  of the decision of the Planning Commission; (2) oral and documentary evidence submitted to and

6  relied upon by the Board; (3) the determination by the Board of Supervisors; (4) correspondence

7  and communications with Wayne Virag, Darrin Mercier, Stan Swenson and others; (5) the

8  procedures and processes for setting and hearing issues before the Board of Supervisors; (6) his

9  involvement with Swenson's appeal before the Board of Supervisors, and (7) his involvement

10  with Stanley Swenson.

11       6.    **Marcia Armstrong, Former Member of the Board of Supervisors, County of**

12  **Siskiyou**. Ms. Armstrong will testify as to:  (1) Board of Supervisors meetings relating to plaintiff

13  and his appeal of the decision of the Planning Commission; (2) oral and documentary evidence

14  submitted to and relied upon by the Board; (3) the determination by the Board of Supervisors; (4)

15  correspondence and communications with Wayne Virag, Darrin Mercier, Stan Swenson and

16  others; (5) the procedures and processes for setting and hearing issues before the Board of

17  Supervisors; (6) her involvement with Swenson's appeal before the Board of Supervisors; and (7)

18  his involvement with Stanley Swenson.

19       7.    **Jim Cook, Former Member of the Board of Supervisors, County of Siskiyou**.

20  Mr. Cook will testify as to:  (1) Board of Supervisors meetings relating to plaintiff and his appeal

21  of the decision of the Planning Commission; (2) oral and documentary evidence submitted to and

22  relied upon by the Board; (3) the determination by the Board of Supervisors; (4) correspondence

23  and communications with Wayne Virag, Darrin Mercier, Stan Swenson and others; (5) the

24  procedures and processes for setting and hearing issues before the Board of Supervisors; (6) his

25  involvement with Swenson's appeal before the Board of Supervisors; and (7) his involvement

26  with Stanley Swenson.

27       8.    **LaVada Erickson, Former Member of the Board of Supervisors, County of**

28  **Siskiyou**. Ms. Erickson will testify as to: (1) Board of Supervisors meetings relating to plaintiff

and his appeal of the decision of the Planning Commission; (2) oral and documentary evidence submitted to and relied upon by the Board; (3) the determination by the Board of Supervisors; (4) correspondence and communications with Wayne Virag, Darrin Mercier, Stan Swenson and others; (5) the procedures and processes for setting and hearing issues before the Board of Supervisors; (6) her involvement with Swenson's appeal before the Board of Supervisors; and her involvement with Stanley Swenson.

9. **Frank DeMarco, Former County Counsel, County of Siskiyou**. Mr. DeMarco will testify as to:  (1) his knowledge of plaintiff's appeal to the Planning Commission and Board of Supervisors regarding Wayne Virag's opinion letter concerning plaintiff's rights under a 1966 Use Permit; (2) plaintiff's attempted declaratory relief action and writ of mandamus in Siskiyou County Superior Court; (3) the absence of any enforcement action taken against plaintiff regarding the 1966 Use Permit; (4) his advice to the Planning Commission and Board of Supervisors; (5) his communications with Stan Swenson; (6) Siskiyou County Codes, including Article 14 ("Expiration, Revocation and Appeals of Permits and Variances") containing Sections 10-6.1401 through 10-6.1405; (7) Article 25 ("Nonconforming Land, Buildings, and Uses") containing Sections 10-6.2501 through 10-6.2505; (8) Article 46 ("Light Industrial District M-M") containing Sections 10-6.4601 through 10-6.4603; (9) Article 48 ("Rural Residential Agricultural District") containing Sections 10-6.4801 through 10-6.4803; (10) the files of the Siskiyou County Department of Public Works and Planning Department relating to an application for a Use Permit in 2002 by Stan Swenson; (11) related issues regarding a North Old Stage Road Railroad undercrossing.

10. **Don Langford, Former Assistant County Counsel, County of Siskiyou**. Mr. Langford will testify as to:  (1) his knowledge of plaintiff's appeal to the Planning Commission and Board of Supervisors regarding Wayne Virag's opinion letter concern plaintiff's rights under a 1966 Use Permit; (2) plaintiff's attempted declaratory relief action and writ of mandamus in Siskiyou County Superior Court; (3) the absence of any enforcement action taken against plaintiff regarding the 1966 Use Permit; (4) his advice to the Planning Commission and Board of Supervisors; (5) his communications with Stan Swenson; (6) Siskiyou County Codes, including

Article 14 ("Expiration, Revocation and Appeals of Permits and Variances") containing Sections 10-6.1401 through 10-6.1405; (7) Article 25 ("Nonconforming Land, Buildings, and Uses") containing Sections 10-6.2501 through 10-6.2505; (8) Article 46 ("Light Industrial District M-M") containing Sections 10-6.4601 through 10-6.4603; (9) Article 48 ("Rural Residential Agricultural District") containing Sections 10-6.4801 through 10-6.4803; (10) the files of the Siskiyou County Department of Public Works and Planning Department relating to an application for a Use Permit in 2002 by Stan Swenson; (11) related issues regarding a North Old Stage Road Railroad undercrossing.

11. **Wayne Virag, Former Assistant Planning Director in the Planning Department, County of Siskiyou**.   Mr. Virag will testify as to:  (1) plaintiff's Application for a Use Permit in 2000; (2) submission of a Reclamation Plan in 2000; (3) his opinions regarding plaintiff's right under a 1966 Use Permit contained in his letter dated 2/13/03; (4) correspondence from plaintiff's attorney, Darrin Mercier, requesting such opinion; (5) the appeal of that opinion to the Planning Commission and Board of Supervisors; (6) plaintiff's writ and attempted declaratory relief action in Siskiyou County Superior Court; (7) the absence of any enforcement action regarding the Use Permit; (8) the application by plaintiff for a Use Permit in 2000 with a Reclamation Plan; (9) issues regarding a North Old Stage Road Railroad undercrossing; (10) State and County rules and regulations regarding land use issues and SMARA issues (11) his role and duties as Assistant Planning Director and Director of the Planning Commission.

12. **Darrin Mercier, Former Attorney for Plaintiff**. Mr. Mercier will testify as to: (1) his correspondence and communications with the Planning Department requesting opinions; (2) the appeals of Wayne Virag's opinion letter to the Planning Department and Board of Supervisors; (3) plaintiff's failed declaratory relief action and writ of mandamus; (4) the absence of any enforcement action against plaintiff.

13. **Phil Price, Attorney for The County of Siskiyou**. Mr. Price will testify as to his representation of the County during plaintiff's appeals before the Planning Department, and the failed effort for declaratory relief and administrative mandamus action in Siskiyou County

Superior Court. Mr. Price will also testify as to the processes and procedures for hearings, and correspondence with Darrin Mercier regarding Plaintiff's property.

14.     **Brian McDermott, Former Assistant Director of Public Works and Former Director of Public Works, County of Siskiyou**. Mr. McDermott will testify as to:  (1) the application by plaintiff for a Use Permit with Reclamation Plans; (2) issues with the North Old Stage Road Railroad undercrossing; (3) related traffic and engineering studies and cost estimates; (4) communications with plaintiff, Union Pacific Railroad, the California Public Utilities Commission, the California Department of Transportation and others.

15.     **David Gravenkamp, Former Public Works Director, County of Siskiyou**. Mr. Gravenkamp will testify as to his involvement with the subject property and Mr. Swenson. He will also testify as to various use permits and reclamations plans submitted, and action taken by the County. Mr. Gravenkamp will also testify as to his knowledge of the property and history of the property during relevant time periods.

16.     **Harry Krause, Former  Engineer, Department of Public Works, County of Siskiyou**. Mr. Krause will testify as to:  (1) the application by plaintiff for a Use Permit with Reclamation Plans; (2) issues with the North Old Stage Road Railroad undercrossing; (3) related traffic and engineering studies and cost estimates; (4) communications with plaintiff, Union Pacific Railroad, the California Public Utilities Commission, the California Department of Transportation and others.

17.     **Scott Sumner, Former Director and Deputy Director of Public Works, County of Siskiyou**. Mr. Sumner will testify as to his involvement with the subject property and Mr. Swenson, including Swenson and the County's joint reclamation plan.

18.     **Greg Plucker, Community Director and Former Deputy Director of Planning, County of Siskiyou**. Mr. Plucker will testify as to the records of Siskiyou County relating to plaintiff's property and the property history. He will also testify as to plaintiff's application for a business license in 2010.

19.     **Todd Lamanna, Former Director of Public Works, County of Siskiyou**. Mr. Lamanna will testify as to:  (1) the historical and current price of aggregate and asphalt, and costs

1   associated therewith; (2) weights and quantities; (3) the shipping of asphalt and aggregate; (4) the

2   grades and kinds of aggregate used in asphalt; (5) government regulations relating to grades of

3   aggregate and their uses; ;(6) the amounts, grades and sources of aggregate used by Siskiyou

4   County; (7) the grade and limited amount of aggregate remaining in Swenson's pit.

5       20.    **Terry Barber**. Ms. Barber will testify as to the processes and procedures for

6   obtaining the right to surface mine in Siskiyou County under SMARA and County of Siskiyou

7   rules and regulations.

8       21.    **Jim Freeze, Westcoast Paving and Chip Sealing**. Mr. Freeze will testify as to:

9   (1) the historical and current price of aggregate and asphalt; (2) costs associated therewith; (3)

10  weights and qualities thereof; (4) the grades and kinds of aggregate used in asphalt; (5)

11  government regulations relating to grades of aggregate and their uses; (6) the amounts, grades and

12  sources of aggregate used in Siskiyou County; (7) the grade and limited amount of aggregate

13  remaining in Swenson's pit; and (8) The asphalt/aggregate business between 2000 to the present

14  in Siskiyou County

15      22.    **Andy Lanizer, Knife River Construction**. Mr. Lanizer will testify as to:  (1) the

16  historical and current price of aggregate and asphalt, and costs associated therewith; (2) weights

17  and quantities; (3) the shipping of asphalt and aggregate; (4) the grades and kinds of aggregate

18  used in asphalt; (5) government regulations relating to grades of aggregate and their uses; (6) the

19  amounts, grades and sources of aggregate used by Siskiyou County; (7) the grade and limited

20  amount of aggregate remaining in Swenson's pit.

21      23.    **Earl Campbell, Coos Bay, Oregon**. Mr. Campbell will testify as to:  (1) the

22  property history of plaintiff's real property; (2) cessation of surface mining; (3) past reclamation

23  plans and efforts.

24      24.    **Fern Campbell, Coos Bay, Oregon**. Ms. Campbell will testify as to:  (1) the

25  property history of plaintiff's real property; (2) cessation of surface mining; (3) past reclamation

26  plans and efforts.

27      25.    **Donald Clifton, Redding, California**. Mr. Clifton will testify as to:    (1)

28  information relating to the history of plaintiff's real property, the uses of said property and the

property's prior owners and operators, including uses under the 1966 Use Permit; (2) the cessation of use and removal of an asphalt hot plant; (3) cessation of mining and reasons therefor; (4) the pit's limited supply of mineable aggregate; (5) the pit's reclamation and closure, and return of the financial assurance by Siskiyou County.

26. **John Buick**. Mr. Buick will testify as to purchases of aggregate and asphalt between 2000 to 2013.  Mr. Buick will also testify as to economic conditions involving the aggregate and asphalt industry in Siskiyou County and the competitiveness of the business.

27. **Jack Mitchell**. Mr. Mitchell will testify as to purchases of aggregate and asphalt between 2000 and 2013. Mr. Mitchell will also testify as to economic conditions involving the aggregate and asphalt industry in Siskiyou County and the competitiveness of the business.

28. **Gerald Pelletier**. Mr. Pelletier will testify as to purchases of aggregate and asphalt between 2000 and 2013. Mr. Pelletier will also testify as to economic conditions involving the aggregate and asphalt industry in Siskiyou County and  the competitiveness of the business.

29. **David Baird**. Mr. Baird will testify as to purchases of aggregate and asphalt between 2000 and 2013.  Mr. Baird will also testify as to economic conditions involving the aggregate and asphalt industry in Siskiyou County and the competitiveness of the business.

30. **Joe Williams**. Mr. Williams will testify as to purchases of aggregate and asphalt between 2000 and 2013.  Mr. Williams will also testify as to economic conditions involving the aggregate and asphalt industry in Siskiyou County and the competitiveness of the business.

31. **Ron Rhodes**. Mr. Rhodes will testify as to purchases of aggregate and asphalt between 2000 and 2013. Mr. Rhodes will also testify as to economic conditions involving the aggregate and asphalt industry in Siskiyou County and the competitiveness of the business.

32. **John McDowell, One-Third Owner of Pit**. Mr. McDowell will testify as to his one-third ownership of the pit, and aggregate/asphalt purchases that he speculates he would have bought from Swenson, and his agreement to recover 10% of suit.

33. **Jack DeGray**. Mr. DeGray will testify as to purchases of aggregate and asphalt between 2000 and 2013.  Mr. DeGray will also testify as to economic conditions involving the aggregate and asphalt industry in Siskiyou County and the competitiveness of the business.

34.   **Roger Henry**. Mr. Henry will testify as to purchases of base rock and asphalt between 2000 and 2013. Mr. Henry will also testify as to economic conditions involving the aggregate and asphalt industry in Siskiyou County and the competitiveness of the business.

35.   **Terry Smith**. Mr. Smith will testify as to his purchases of aggregate and asphalt between 2000 to 2013. Mr. Smith will also testify as to economic conditions involving the aggregate and asphalt industry in Siskiyou County and the competitiveness of the business.

36.   **David Baird**. Mr. Baird will testify as to purchases of aggregate and asphalt between 2000 to 2013. Mr. Baird will also testify as to economic conditions involving the aggregate and asphalt industry in Siskiyou County and the competitiveness of the business.

37.   **Don Loader**. Mr. Loader will testify as to purchases of aggregate and asphalt between 2000 to 2013. Mr. Loader will also testify as to economic conditions involving the aggregate and asphalt industry in Siskiyou County and the competitiveness of the business.

38.   **David Jackson**. Mr. Jackson will testify as to purchases of aggregate and asphalt between 2000 to 2013. Mr. Jackson will also testify as to economic conditions involving the aggregate and asphalt industry in Siskiyou County and the competitiveness of the business.

39.   **Stephen Dean**. Mr. Dean is a Professional Land Surveyor and will testify as to his creation of a topographical map he provided to plaintiff in connection with a proposed reclamation plan.

40.   **Harold Knight**. Mr. Knight will testify as to his one-third ownership interest in the property, his planned uses for the property, the permit and reclamation history of the property, the re-zoning of the property, and the historical uses of the property.

41.   **Tony Cruse**. Mr. Cruse will testify as to his business dealings with plaintiff, as well as the alleged or proposed placement of an asphalt hot plant on plaintiff's property and payment of a royalty for said placement.

42.   **Paul Boerger**. Mr. Boerger will testify as to discussions with plaintiff as to opening an asphalt hot plant on the property.

43.     **David Gallo, Ph.D. Economist**. Mr. Gallo will testify as to the expert opinions he has reached in this matter, and that he previously disclosed in his expert reports as well as at deposition.

44.     **Craig Enos**. Mr. Enos will testify as to the expert opinions he has reached in this matter, and that he has previously disclosed in his expert reports as well as at deposition.

45.     **Stanley Swenson**. The facts underlying his claims and his claim for damages.

ATTACHMENT C: Plaintiff's Exhibits

**PLAINTIFF'S EXHIBIT LIST**

| ID | Date | Document Description |
|---|---|---|
| 1 | 8/3/66 | Siskiyou County Planning Commission Permit Application |
| 2 | 3/31/86 | Letter From Robert Sellman (Planning Director) to Earl Campbell cc: Gene Fink, supervisor Phil Mattos re meeting |
| 3 | 8/29/86 | Letter From Robert Sellman (Planning Director) to Earl Campbell cc: Gene Fink, supervisor Phil Mattos re Reclamation Plan |
| 4 | 9/22/86 | Letter From Robert Sellman to Lela Clifton re: Reclamation Plan Application incomplete |
| 5 | 04/1987 | Reclamation Plan Supplementary Statements for Lela Clifton; Clifton/Campbell Ready-Mix Gravel Pit |
| 6 | 5/4/87 | Notarized Certificate for Lela Clifton (9/8/86), 1280 Wagstaff Rd., Paradise, CA 95569 re Suggested Model Reclamation Plan |
| 7 | 6/3/87 | Siskiyou County Planning Commission Regular Meeting re: Reclamation Plan – Lela Clifton For Campbell Ready Mix |
| 8 | 5/4/88 | Letter From Robert Sellman to Campbell Ready Mix File re: On-Site Review of Reclamation Plan |
| 9 | 9/22/88 | Letter From Donald E. Clifton to Robert Sellman re: Reclamation Plan |
| 10 | 6/25/91 | Agreement between Siskiyou County and Earl L. Campbell |
| 11 | 9/9/91 | Letter From Earl Campbell to Dept. of Conservation re: ceasing operations |

35

| ID | Date | Document Description |
|---|---|---|
| 12 | 9/17/91 | Letter From Dennis O'Bryant to Earl Campbell re: Not required to file annual report |
| 13 | 10/26/93 | Siskiyou Planning Department Request for Release of Campbell ready Mix Reclamation Plan (Approved) |
| 14 | 3/1/94 | Rezoning Petition |
| 15 | 06/1994 | Siskiyou County Codes – Article 46. Light Industrial District |
| 16 | 7/6/94 | Siskiyou County Meeting – Negative Declaration/Zone Change |
| 17 | 2/14/95 | Ordinance adopted – zone change as petitioned by Earl and Fern Campbell (w/ Grant Deed attached) |
| 18 | 09/1995 | Ordinance of Siskiyou County reclassifying certain properties |
| 19 | 4/3/96 | Memo From Harry to Dave, Brian & Scott re: Mt. Shasta Gravel Pit – Conflicting Boundary with Swenson |
| 20 | 05/1999 | Surface Mining and Reclamation Ordinances for Siskiyou County |
| 21 | 1/10/00 | Siskiyou County Reclamation Plan – Mount Shasta Pit |
| 22 | 1/17/00 | "Can the State of California 'Declare' The Rivers of Siskiyou County as 'Navigable'?" |
| 23 | 1/21/00 | Application Review of Reclamation Plan |
| 24 | 1/26/00 | Letter From Larry Evans to Doug Libby re: Siskiyou County/Stanley R. and Therese M. Swenson Reclamation Plan |
| 25 | 4/25/00 | Scott Timber Co. financial documents |
| 26 | 3/2/00 | Less Than 3 Acre Conversion Exemption for 305 butte Street |
| 27 | 3/27/00 | Logging Contract |

| ID | Date | Document Description |
|---|---|---|
| 28 | 4/23/00 | Mt. Shasta Sand & Gravel Quarry Reclamation Plan |
| 29 | 8/28/00 | Use Permit for Stan Swenson and Mark Teague |
| 30 | 9/1/00 | County of Siskiyou Business License Application for Swenson Hot Mix Asphalt Plant |
| 31 | 9/5/00 | Staff Review From Wayne Virag to Siskiyou County Reviewing Agencies re: Stan and Therese Swenson Use Permit and Reclamation Plan |
| 32 | 9/6/00 | Application Review for Reclamation Plan and Use Permit |
| 33 | 9/15/00 | Letter From Larry Evans to Wayne Virag re: Use permit and reclamation plan |
| 34 | 10/17/00 | Letter From Richard Barnum to Mark Teague re: Use Permit and reclamation plan |
| 35 | 10/27/00 | Letter From Richard Barnum to Stan Swenson re: Cease and Desist Order – Illegal Mining Activity |
| 36 | 10/31/00 | Letter From Richard Barnum to Wayne Virag re: Swenson Violation |
| 37 | 11/1/00 | Memo From Wayne Virag re: Illegal Mining Activity – Stanley Swenson, Grenada |
| 38 | 11/8/00 | Letter From Richard Barnum to Stan Swenson re: Compliance Schedule for Illegal Mining Activity, Grenada |
| 39 | 12/5/00 | Letter From John Tannaci to Wayne Virag re: Swenson Quarry |
| 40 | 12/8/00 | Memo From Richard Barnum to Frank Demarco re: Closed Session – Stan Swenson Illegal Mining Activity |

| ID | Date | Document Description |
|----|------|----------------------|
| 41 | 12/20/00 | Memo From Wayne Virag to Pete Knoll re: Illegal Quarrying Activity – Stan Swenson |
| 42 | 1/19/01 | Letter From Richard Barnum to Mark Teague re: Swenson Use Permit and Reclamation Plan |
| 43 | 8/1/01 | Letter From Scott Sumner to Wayne Virag re: Swenson Pit |
| 44 | 8/27/01 | Complaint For Permanent Injunction, Civil Penalties in matter of Swenson v. People |
| 45 | 11/7/01 | Letter From Norma Schettino to Wayne Virag re: Larry Allen's address |
| 46 | 11/13/01 | Letter From Tim Pappas to Wayne Virag |
| 47 | 11/13/01 | Letter From Stan Swenson to Howard Moody re: Blatant Abuse of Power |
| 48 | 8/6/02 | Letter From Darrin Mercier to Lawrence Allen re: State of CA v. Swenson |
| 49 | 8/19/02 | Request For Dismissal in Swenson v. People |
| 50 | 8/20/02 | Technical Memorandum From Mike Winton to Brian McDermott re: Safety Study at the North Old Stage Road RR Under-crossing |
| 51 | 9/5/02 | Memo From Brian McDermott to Howard Moody re: Swenson Rock Pit, Railroad Undercrossing Traffic Study |
| 52 | 10/31/02 | Letter From Wayne Virag to Stan Swenson re: Use Permit/Reclamation Plan Application |
| 53 | 12/10/02 | Letter From Darrin Mercier to Rick Barnum re: Siskiyou County Use |

| ID | Date | Document Description |
|----|------|---------------------|
| | | Permit |
| 54 | 12/11/02 | Fax From Buzz Knight to Wayne Virag and Rick Barnum re: Use Permit |
| 55 | 12/12/02 | Letter From Darrin Mercier to Rick Barnum re: Siskiyou County Use Permit |
| 56 | 12/12/02 | Letter From Wayne Virag to Buzz Knight re: Campbell Pit Entitlement Status |
| 57 | 3/13/03 | Letter From Wayne Virag to Stan Swenson re: Campbell Quarry and Hot Plant Status |
| 58 | 3/6/03 | Letter From Darrin Mercier to Wayne Virag re: Campbell Quarry and Hot Plant Permits |
| 59 | 3/20/03 | Letter From Wayne Virag to Darrin Mercier re: Campbell Quarry |
| 60 | 10/27/04 | Letter From Wayne Virag to Darrin Mercier re: Campbell Quarry and Batch Plant |
| 61 | 2/2/05 | Letter From Frank DeMarco to Darren Mercier re: Swenson – viability of use permit, determination of rights |
| 62 | 2/14/05 | Letter From Darren Mercier to Frank J. DeMarco re: Swenson/Siskiyou County Use Permit |
| 63 | 2/15/05 | Swenson's Complaint for Declaratory Relief in Swenson v. County of Siskiyou |
| 64 | 2/21/05 | Letter From Darren Mercier to Frank DeMarco re: Swenson v. County of Siskiyou, et al. |

| ID | Date | Document Description |
|---|---|---|
| 65 | 3/24/05 | Letter From Darren Mercier to Philip Price to Swenson v. County of Siskiyou, et al. |
| 66 | 3/25/05 | Letter From Philip Price to Darren Mercier re: Swenson v. County of Siskiyou-Campbell Quarry and Hot Batch Plant |
| 67 | 4/4/05 | Location Map |
| 68 | 4/18/05 | Letter From Wayne Virag to Property Owner re: Public Hearing on Appeal of Administrative Decision for Stan Swenson |
| 69 | 4/26/05 | Letter From Darrin Mercier to Frank DeMarco, Wayne Virag, Philip Price re: Swenson vs. County of Siskiyou, Appeal of Administrative Decision |
| 70 | 4/28/05 | Letter From Frank DeMarco to Darren Mercier re: Swenson v. County of Siskiyou, Appeal of administrative decision. |
| 71 | 4/28/05 | Letter From Philip Price to Darren Mercier cc: Frank DeMarco re: Swenson v. County of Siskiyou, Superior Court of Siskiyou County Case |
| 72 | 5/2/05 | Letter From Darren Mercier to Frank DeMarco, Philip Price re: Swenson vs. County of Siskiyou, Appeal of Administrative Decision |
| 73 | 5/3/05 | Letter From Frank DeMarco to Darrin Mercier re: Swenson vs. County of Siskiyou, Appeal of Administrative Decision |
| 74 | 5/3/05 | Letter From Linda Schulken to Darren Mercier cc: Frank DeMarco re Swenson vs. County of Siskiyou |
| 75 | 5/4/05 | Siskiyou County Planning Commission Regular Meeting – Appeal of |

| ID | Date | Document Description |
|---|---|---|
|  |  | Administrative Decision for Stan Swenson |
| 76 | 5/4/05 | Swenson Appeal – Transcript of May 4, 2005 |
| 77 | 5/4/05 | Staff Report – May 4, 2005 – Appeal of Administrative Decision for Stan Swenson |
| 78 | 5/4/05 | Appeal of the Administrative Decision by County of Siskiyou Related to Stan Swenson – Brief on Behalf of Interested Person Stan Swenson |
| 79 | 5/10/05 | Closed Session – Pending Litigation |
| 80 | 5/10/05 | Memo From Cathie McCanna to Property Owner or Affected Agency re: Public Hearing |
| 81 | 5/17/05 5/24/15 | Before the Board of Supervisors, County of Siskiyou – Meeting Minutes |
| 82 | 5/17/15 | Agenda Worksheet in Setting of Possible Appeal of Planning Commission Decision of May 4, 2005, Regarding the Swenson Matter |
| 83 | 5/24/05 | Agenda Worksheet in Appeal of the Planning Commission's Decision Concerning the Status of a Use Permit to Allow an Asphalt Batch Plant for Stan Swenson |
| 84 | 5/24/05 | Reporter's Transcript of Proceedings re: Board of Supervisors Meeting |
| 85 | 5/25/05 | Nature of Proceedings: Court's Ruling on Demurrer of Defendant (Sustained) |

| ID | Date | Document Description |
|----|------|---------------------|
| 86 | 10/6/05 | Plaintiff's SAC for Petition For Writ of Mandate and for Declaratory Relief |
| 87 | 11/4/05 | Defendant's Demurrer of County of Siskiyou to SAC for Petition for Writ of Mandate and for Declaratory Relief; MTS; RJN; Notice of Hearing; MPA |
| 88 | 11/22/05 | Plaintiff's Opposition to Demurrer to SAC |
| 89 | 11/30/05 | Defendant County of Siskiyou's Reply to Opposition to Demurrer of County of Siskiyou to SAC for Declaratory Relief; MTC Joinder of Indispensable Parties; RJN |
| 90 | 12/22/05 | Nature of Proceedings: Ruling on Defendant's Demurrer to and Motion to Strike and Dismiss the Second Amended Complaint and Request for Judicial Notice |
| 91 | 11/06/06 | Nature of Proceedings: Ruling on Petition for Writ of Mandate (Granted) |
| 92 | 4/16/07 | Email From Barry Shioshita to Terry Barber, Frank DeMarco, Rita Haas re: Swenson Gravel Pit |
| 93 | 5/15/07 | Nature of Proceedings: Decision |
| 94 | 7/20/07 | Judgment |
| 95 | 9/14/07 | Memo From Neal Scott re: Railroad Grade Separation Project, North Old Stage Road |
| 96 | 10/31/07 | Plaintiff's Order After Hearing on Plaintiff's Motion for Attorney's Fees and Defendant's Amended Motion to Tax Costs |

| ID | Date | Document Description |
|---|---|---|
| 97 | 8/14/08 | Siskiyou County Codes re: Zoning (retrieved 8/14/2008) |
| 98 | 1/28/09 | Statement of Economic Interests for Siskiyou County |
| 99 | 6/23/10 | Declaration of Lavada Erickson in Support of MSJ or Summary Adjudication of Defendants |
| 100 | 7/1/01 | Declaration of Greg Plucker in Support of MSJ or Summary Adjudication of Defendants |
| 101 | 7/1/10 | Declaration of Marcia Armstrong in Support of MSJ or Summary Adjudication of Defendants |
| 102 | 8/25/10 | Declaration of Greg Plucker in Support of MSJ re: Typographical Error in Declaration |
| 103 | 9/1/10 | Business License Application for Swenson Hot Mix Asphalt Plant |
| 104 | 10/4/10 | Administrative Record Vol. 1 |
| 105 | 10/4/10 | Administrative Record Vol. 2 |
| 106 | 12/17/13 | Stanley Swenson's Gravel Pit – Paving and Highway Contractors' Estimated Purchases |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ATTACHMENT D: Defendants' Exhibits

**DEFENDANTS' EXHIBIT LIST**

| ID | Date | Document Description |
|---|---|---|
| A | 8/3/1966 | Use Permit issued to C. O. Palmer |
| B | 9/9/1991 | Letter from Earl Campbell to Department of Conservation |
| C | 6/25/2991 | Agreement between the County of Siskiyou and Earl Campbell |
| D | 4/1/2014 | Letter from Earl Campbell to Philip Price |
| E | 3/22/1996 | Letter from Richard Barnum to Stan Swenson |
| F | 4/14/1999 | Agreement between County of Siskiyou and Stanley and Therese Swenson |
| G | 1/10/2000 | County of Siskiyou Reclamation Plan for Mt. Shasta Pit |
| H | 8/28/2000 | Use Permit Application submitted by Stanley Swenson |
| I | 8/28/2000 | Reclamation Plan Application submitted by Stanley Swenson |
| J | 4/23/2000 | Reclamation Plan submitted by Stanley Swenson |
| K | 8/28/2000 | Application Information Sheet |
| L | 9/5/2000 | Project Application Review from Wayne Virag with attached Staff Review |
| M | 9/5/2000 | Local Agency Review List |
| N | 9/6/2000 | Application Review |
| O | 9/15/2000 | Letter from Larry Evans, Siskiyou County Department of Public Works to Wayne Virag |
| P | 9/18/2000 | Letter from Wayne Virag to Mark Teague with attached responses from Mt. Shasta Fire district, Siskiyou County Public Works, CA. |

44

| ID | Date | Document Description |
| --- | --- | --- |
| | | Dept. of Forestry and Fire Protection |
| Q | 9/19/2000 | Letter from Richard Barnum to Stan and Therese Swenson with attached indemnification agreement |
| R | 10/3/2000 10/11/2000 | Letter from Department of Conservation attached Letter from Wayne Virag to Mark Teague |
| S | 10/17/2000 | Letter from Richard Barnum, Planning Director, to Mr. Mark Teague |
| T | 1/19/2001 | Letter from Richard Barnum to Mark Teague |
| U | 2/2/2001 | Letter from California Regional Water Quality Control Board to Stanley Swenson |
| V | 9/5/2002 | Letter from Brian McDermott to Richard Barnum with enclosed Omni Means Traffic Study |
| W | 10/31/2002 | Letter from Wayne Virag to Stanley Swenson |
| X | 12/10/2002 | Darrin Mercier to Rick Barnum |
| Y | 12/12/2002 | Wayne Virag to Buzz Knight |
| Z | 2/13/2003 | Letter from Wayne Virag to Stanley Swenson |
| AA | 3/20/2003 | Letter from Wayne Virag to Darrin Mercier |
| BB | | Article 46 of the Siskiyou County Code "Light Industrial District" |
| CC | | Article 25 of the Siskiyou County Code "Nonconforming Land, Buildings and Uses" |
| DD | | Article 14 of the Siskiyou County Code "Expiration, Revocation and Appeals" |
| EE | 2/14/2005 | Letter from Darrin Mercier to Frank DeMarco |

| ID | Date | Document Description |
|---|---|---|
| FF | 3/24/2005 | Letter from Darrin Mercier to Philip B. Price |
| GG | 3/25/2005 | Letter from Philip Price to Darrin Mercier |
| HH | | Public hearing notices for Planning Commission Appeal |
| II | 4/28/2005 | Letter from Philip Price to Darrin Mercier |
| JJ | 5/2/2005 | Letter from Darrin Mercier to County Counsel and Philip Price |
| KK | 5/3/2005 | Letter from Philip Price to Darrin Mercier |
| LL | 5/4/2005 | Staff Report to Planning Commission |
| MM | 5/4/2005 | Brief on behalf of Stanley Swenson |
| NN | | Transcript of Recording of Planning Commission Hearing |
| OO | 5/4/2005 | Siskiyou County Planning Commission Meeting Minute Order and Decision |
| PP | 5/17/2005 | Agenda Worksheet |
| QQ | 5/24/2005 | Agenda Worksheet |
| RR | 5/24/2005 | Public Comments |
| SS | 5/10/2005 | Closed Session Minute Order |
| TT | 5/10/2005 | Public Notice |
| UU | 5/16/2005 | Swenson Notice of Appeal |
| VV | 5/17/2007 | Minute Order (Board of Supervisors) |
| WW | 5/24/2005 | Agenda (Board of Supervisors) |
| XX | 5/24/2005 | Reporter's Transcript of Proceedings |
| YY | 5/24/2005 | Decision by Board of Supervisors |
| ZZ | 12/22/2005 | Ruling on Demurrer to Second Amended Complaint |

| ID | Date | Document Description |
|---|---|---|
| A-3 | 5/15/2007 | Decision by Judge William Davis |
| B-3 | 7/20/2007 | Judgment from Siskiyou County Superior Court |
| C-3 | 8/20/20007 | Business License Application |
| D-3 | 8/30/2010 | Amended Memorandum regarding Business License |
| E-3 | | Swenson's Responses to Requests for Admission, Set One |
| F-3 | | Swenson's Computation of Damages |
| G-3 | 1/9/2014 | Expert Report of Craig Enos with attached exhibits |
| H-3 | 3/12/2014 | Supplemental Expert Report of Craig Enos with attached exhibits |
| I-3 | | Expert Report of David Gallo, with attached exhibits |
| J-3 | | Supplemental Expert Report of David Gallo with attached exhibits |
| K-3 | | Emailed Supplemental Reports of David Gallo |
| L-3 | | Angela Casler CV |
| M-3 | | Expert Report of Angela Casler with attached exhibits |
| N-3 | | Supplemental Report of Angela Casler with attached exhibits |
| O-3 | | Expert Report of Thomas Chapman with attached exhibits |
| P-3 | | Supplemental Report of Thomas Chapman with attached exhibits |
| Q-3 | | Second Supplemental Report of Thomas Chapman with attached exhibits |
| R-3 | | Thomas Chapman Spreadsheets combined |
| S-3 | | California Public Resources Code Section 2770(a)-(e) |